STATE OF MISSOURI, Respondent, v. LESTER COFFMAN, Appellant, No. 41769—230 S. W. (2d) 761.

Division Two, June 13, 1950.

*Samuel Richeson* for appellant.

*J. E. Taylor,* Attorney General, and *Philip M. Sestric,* Assistant Attorney General, for respondent.

WESTHUES, C.—Appellant was convicted in the Circuit Court of Crawford County, Missouri, of the crime of statutory rape and sentenced to serve two years' imprisonment in the state penitentiary. Defendant's motion for new trial was overruled and he appealed to this court.

The prosecutrix who lived in Bourbon, Missouri, was 13 years of age. She testified that on a Thursday, she thought the 5th day of August, 1948, she went riding with the defendant (18 years old) and

Odell Greenlee (17 years old); that the car was parked along a roadway near the Blue Springs Creek in Crawford County; that Greenlee left the car and remained away for some time; that during this interval, appellant had sexual intercourse with her against her will. She further testified that when Greenlee returned they drove back to Bourbon. She stated that the first time she told anyone what had happened was about October, 1948, when she reported the incident to highway patrolman Arnold.

Greenlee testified that some time during the month of August he and the defendant were in a car in Bourbon, Missouri, and while riding along a street saw prosecutrix; that appellant asked her to take a ride with them and that she did so; that after the car was parked near Blue Springs Creek, appellant asked him to leave; that he did so and remained away for about 15 minutes; that after the prosecutrix was taken back to Bourbon, appellant made a remark to him indicating that he had had sexual intercourse with prosecutrix; that appellant had stated to him before prosecutrix was accosted that that was what he intended to do.

Another witness for the State testified that appellant had informed him he had had sexual intercourse with prosecutrix near the Blue Springs Creek.

Appellant testified that he did not have intercourse with prosecutrix on August 5, 1948; that he was in St. Louis, Missouri, on that day. A number of witnesses corroborated appellant as to his being in St. Louis, Missouri, on August 5. Appellant did not deny any of the incriminating evidence given by Greenlee or by the other witness Worsham for the State. Greenlee and the prosecutrix were uncertain as to the date but thought it was on a Thursday in August.

Appellant complains that the trial court permitted the prosecuting attorney to ask leading questions of the prosecutrix. This witness was only thirteen years old and the record reveals she was hesitant in answering questions concerning the details of the alleged offense. In such circumstances it is within the discretion of the trial court whether to permit leading questions to be asked. 70 C. J. 531, Sec. 690. The record does not show the trial court abused this discretion. Note a number of questions of which appellant complains.

"Q. All right, now, what position did he get his body and his arms with reference to you? Did he put his arms around you?" This question was objected to as being leading. The court overruled the objection, and the witness then answer; "He didn't." The examination then continued as follows:

"Q. He did not. Well, now, go ahead and tell the jury just what he did do, Rose?"

"A. Well, after he pushed me down in the seat he—well, I don't remember how he held me."

"Q. Well, did he get his hands up under your clothes?"

"MR. RICHESON: I object to that for the same reason, if the Court please. The Prosecuting Attorney is telling the whole story for the witness."

"THE COURT: Objection overruled."

"To which ruling of the Court the defendant, by his counsel, then and there duly excepted and at the time saved his exceptions."

"MR. BECKHAM: Q. Did he get his hands up under your clothes?"

"A. Yes, sir."

"Q. Well, tell the jury just what position he got your clothes in; what did he do to you."

"A. (Witness hesitates)"

"THE COURT: Do you understand what has been asked you?"

"A. Yes, sir."

"THE COURT: All right, if you know the answer, then give it."

"A. Well, he pulled my dress up."

"MR. BECKHAM: Q. After he had done that, what did he do to you, Rose?"

"A. (Witness hesitates)"

"THE COURT: Can't you answer just a little faster?"

"A. He put his privates in mine."

There was further questioning with reference to the details of the alleged offense, but we deem the above sufficient to demonstrate that the trial court did not commit error. 70 C. J. 530, Sec. 689.

Appellant urges that the trial court was bound to instruct on all the law of the case and that error resulted in failure to instruct the jury with reference to assault with intent to rape, common assault and felonious assault. Appellant based his contention on the following evidence given by a doctor:

"MR. RICHESON: Q. Doctor Parker, assuming that a girl thirteen years of age, who had previously had no intercourse with a man, and that on the occasion of an attempted intercourse the girl experienced no pain and that no bleeding occurred as a result of the alleged attempted intercourse, state whether or not in your opinion a penetration had been effected?"

"A. I think not."

On cross-examination, he testified as follows:

"Q. Now, Doctor Parker, in the act of sexual intercourse on the part of a woman for the first occasion what is it that causes the bleeding?"

"A. Rupture of the hymen."

"Q. All right, assuming, then, that the hymen was not ruptured, there would not be any bleeding or any pain, would there?"

"A. If it had been ruptured?"

"Q. If it was not ruptured on that occasion, there would not be any bleeding, would there?"

"A. If it was not ruptured there probably would not be any bleeding."

"Q. Or there would be very little, if any, pain, would there?"

"A. Unless it had been ruptured."

The doctor was not asked what he meant by penetration. The prosecutrix testified that appellant did not hurt her, however, she was positive in her statements with reference to penetration. It is the law that penetration, however slight, is sufficient to constitute the crime of rape. State v. Hamilton, 304 Mo. 19, 263 S. W. 127, l. c. 129(2); People v. Esposti, 185 P. (2d) (Cal.) 866; State v. Dill, 40 A. (2d) (Del.) 443; Addison v. State, 31 S. E. (2d) (Ga.) 393, l. c. 394 (1, 2); Fox v. Commonwealth, 299 Ky. 293, 185 S. W. (2d) 394, l. c. 399 (9, 10). In the Addison case the Supreme Court of Georgia stated the rule as follows: "Proof that the vagina was entered is not essential to a conviction of rape, but proof that the vulva was entered is sufficient to show penetration, although the vagina be intact and not penetrated in the least." The same ruling was made in State v. Dill by the Supreme Court of Delaware. Under the evidence in this case appellant was either guilty of statutory rape or not guilty of any offense. The court was not authorized to instruct on assault or on attempt to rape. In State v. King, 342 Mo. 975, 119 S. W. (2d) 277, l. c. 284(13), this court said:

"The first complaint is that no instructions were given on attempted rape and common assault. Since there was substantial evidence showing the rape was consummated the court was not authorized to instruct on attempted rape, in view of the express prohibition of the statute, section 4443, R. S. Mo. 1929, Mo. St. Ann. sec. 4443, p. 3051; State v. Gadwood, Mo. Sup., 116 S. W. (2d) 42, decided Dec. 16, 1937. And since the evidence showed that if any crime was committed on August 29, 1935, the date charged in the indictment, ▇▇▇ it was statutory rape, an instruction on common assault would have been improper. State v. Miller, 263 Mo. 326, 335, 172 S. W. 385, 388, Ann. Cas. 1916A, 1099."

See also State v. Ball, 133 S. W. (2d) 414, l. c. 416(3). We find nothing in the cases cited by appellant in conflict with this ruling. State v. Coff, 267 Mo. 14, 183 S. W. 287, and State v. Crowley, 345 Mo. 1177, 139 S. W. (2d) 473, were homicide cases. State v. Dalton, 106 Mo. 463, 17 S. W. 700, was a rape case but the evidence of the

State failed to show penetration. That was not the situation in the case now before us.

The State's witnesses Greenlee and Worsham had been dealt with in the Juvenile Division of the Circuit Court. Appellant attempted to show that each had been convicted of crime. The State objected on the ground that a disposition of a case in the Juvenile Court could not be shown for the purpose of impeaching these witnesses. The State relies upon Section 9698, Mo. R. S. 1939, which provides in part as follows: "Any disposition of any delinquent child under this article, or any evidence given in such cases shall not in any civil, criminal or other cause or proceeding whatever in any court be lawful or proper evidence against such child for any purpose whatever, except in subsequent cases under this article." The purpose of the statute is that the disposition of a case in the juvenile court shall not be deemed a conviction of a crime against the child dealt with. It was so held in State ex rel. Shartel v. Trimble, 333 Mo. 888, 63 S. W. (2d) 37, l. c. 38, 39(2) (3, 4), and cases there reviewed. Therefore, it was proper for the trial court to sustain the State's objection to the evidence offered.

Appellant briefed this point as follows:

"Evidence of the conviction of the State's witnesses Greenlee and Worsham of the crime of petit larceny should have been admitted.

"State v. Stokes, 288 Mo. 539, l. c. 555;

"Jackson v. City, 72 S. W. (2d) 850;

"R. S. Mo. 1939, Sec. 1916."

Section 1916, Mo. R. S. 1939, provides that a conviction of a criminal offense may be proven to affect the credibility of a witness. It is held that this does not include conviction in a city court of violations of city ordinances. State v. Mills, 272 Mo. 526, 199 S. W. 131. In the cases cited in appellant's brief the conviction occurred prior to the enactment of Section 9698, supra, and the present juvenile act. Neither the juvenile act nor Section 9698 was before the court for consideration in either of the cases cited by appellant.

Finding no error in the case, we hereby affirm the judgment of conviction. It is so ordered. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.