Thomas L. WARD, by His Next Friend and Mother, Helen Pack, Appellant,

v.

Phillip A. GOODWIN, Respondent.

No. 48204.

Supreme Court of Missouri,

Division No. 1.

March 13, 1961.

Rehearing Denied April 10, 1961.

Allan R. Browne, Ennis, Browne & Martin, Kansas City, for appellant.

Thos. E. Deacy, Jr., Richard F. Adams, Deacy & Deacy, Kansas City, for respondent.

WESTHUES, Presiding Judge.

Plaintiff Thomas L. Ward, a minor, twelve years old, by his next friend and mother, Helen Pack, filed this personal injury damage suit against the defendant Phillip A. Goodwin. A trial resulted in a jury verdict in favor of the defendant. From the judgment entered on the verdict, plaintiff appealed.

Plaintiff asked for $50,000 in damages. Appellate jurisdiction is in this court.

Plaintiff was injured when a bicycle he was riding came into collision with a car driven by the defendant. This collision occurred between five and six o'clock on the afternoon of August 5, 1958, at the intersection of 31st Street and McGee Street in Kansas City, Missouri. It was plaintiff's contention that defendant's car struck plaintiff's bicycle from the rear. Defendant contended that plaintiff, riding his bicycle south on McGee Street, failed to obey a stop sign and ran into the side of defendant's car which was being driven westerly on 31st Street.

Plaintiff briefed four points. In the first, it is urged that the trial court erred in giving instructions 3 and 4. Plaintiff claims that these two instructions, when considered together, authorized a verdict for the defendant on any one of a number of alleged acts of contributory negligence; that the evidence did not support all of the alleged acts submitted by the instructions; further, that instruction No. 4 gave the jury a roving commission to find for the defendant. The second point briefed concerns cross-examination of one of plaintiff's witnesses, William Stevens, who was about thirteen years old. This witness was asked if he was, at trial time, living at the McCune Home for Boys. Complaint is made that Stevens' answer that he was there because he had broken probation and accepted stolen money was "erroneously elicited." Plaintiff claims that a juvenile of the age mentioned may not be impeached in such a manner. In the third assignment of error briefed, it is contended that the trial court abused its discretion in not granting a new trial on newly discovered evidence. In the fourth point, plaintiff says that only nine of the twelve jurors signed the verdict and that one of the nine was dozing during a portion of the trial; that plaintiff was therefore deprived of his right to a fair verdict.

The facts pertinent to the first point briefed are: At the time in question, plaintiff and his aunt, Mary Mandl, age 15, were each riding a bicycle south on McGee Street toward 31st Street. There was a stop sign on McGee Street at 31st Street for southbound traffic. There was no stop sign on 31st Street. A number of witnesses said the two bicycle riders were racing. Mary, the aunt, testified that she and plaintiff were

riding down McGee Street and plaintiff "had gone to the corner—he paused just for an instant and then he started up again and he had turned the corner" at 31st Street and plaintiff "was hit from behind and he was thrown up into the air. * * * and he came down and hit his head right there on the—what do you—it's the part of the car where—it's the little mirror, I mean, not mirror, but it's the window, the little window right here in a car (indicating)." The above and other evidence, if believed by a jury, would have justified a finding that defendant's car struck plaintiff's bicycle from the rear after plaintiff had entered 31st Street and was going in a westerly direction.

The defendant testified that at the time in question he was driving west on 31st Street; that he saw plaintiff riding a bicycle on McGee Street when plaintiff was about 15 feet from defendant's car; that he thought there would be a collision and he immediately put on his brake; that plaintiff's bicycle struck the right side of his car near the rear of the front fender.

There was evidence that plaintiff stopped, some evidence that he paused, and other evidence that he did not stop at the stop sign or before the collision occurred. One witness who, with other persons, was sitting on a porch at 3021 McGee Street near 31st Street, testified as follows:

"Q. (By Mr. Deacy) Well, yes, Miss Haney, there was an accident? A. Yes, there was.

"Q. Did you hear the sound of it? A. I sure did.

"Q. And when you saw these—this boy and girl riding by, when was it with reference to the accident? A. Well, they were riding right in front of my place—and some of the neighborhood children was trying to grab their bicycles, and the girl said something to the boy. I don't know what she said, but they both were riding pretty fast, going towards 31st, and we heard a noise, * * *."

Larry Hudson, age 13, a witness for plaintiff, testified on direct examination that he saw plaintiff and a girl riding bicycles on McGee Street toward 31st Street; that the girl stopped and the boy slowed down a little, or paused, and then he went around the corner and the car hit him, "hit him from the side." On cross-examination, this witness admitted that his deposition had been taken; that his evidence as then given was true. This evidence, in substance, was that he saw a boy and a girl racing on bicycles; that they were going pretty fast; that they slowed down to about 10 to 15 miles per hour; that it looked like the brakes on the boy's bicycle "may have gone out on him"; that "the girl stopped her bicycle but the boy went on by the sign and onto 31st Street." He further stated in his deposition, "I saw the car just as the boy's bicycle ran into the side of it." Hudson stated that in the deposition he testified that the speed of the bicycles was slowed to 5 to 10 miles per hour; that in other respects the deposition was correct.

The portion of instruction No. 3, which submitted acts of contributory negligence to the jury, reads as follows: "* * * and if you further find and believe from the evidence that plaintiff carelessly and negligently failed and refused to exercise ordinary care to keep a vigilant lookout for his own safety and carelessly and negligently failed and refused to obey the stop sign located on the north side of 31st Street, as mentioned in evidence, and carelessly and negligently rode his bicycle into the said intersection while the automobile being operated by defendant was within the aforesaid intersection or approaching same so closely as to constitute an immediate hazard at the time plaintiff's bicycle entered said intersection, and that plaintiff thereafter negligently rode his bicycle into collision with the right side of defendant's automobile, and if you further find and believe from the evidence that plaintiff, under all of the facts and circumstances in evidence, thus and thereby failed to exercise such care for his own safety as a reasonably pru-

dent person of the same age and experience as plaintiff would have exercised under the same or similar circumstances and that plaintiff was thus and thereby negligent, * * *."

Plaintiff says that the above instruction submitted the alleged acts of contributory negligence in the conjunctive; but that, by instruction No. 4, the jury was informed that a verdict should be returned for the defendant if the jury found plaintiff had been guilty of any one of the acts of negligence submitted. We need not decide whether plaintiff's contention is correct for the reason that it is apparent from the above narration of the evidence that each act of negligence submitted in the instruction (No. 3) was amply supported by evidence. The point is ruled against plaintiff.

Plaintiff further says that the acts of negligence submitted in instruction No. 3 were not pleaded. There is no merit to this contention. For example, plaintiff says there was no allegation in the answer that "Plaintiff rode into the intersection while there was hazard from Defendant's car." Defendant pleaded an ordinance which provided that "The driver of any vehicle who has stopped as required by law at the entrance to a through street shall yield to other vehicles within the intersection or approaching so closely on the through street as to constitute an immediate hazard * * *." It was stated in the answer that plaintiff had violated that ordinance.

Instruction No. 4, of which much complaint is made in the brief, reads: "If you find and believe from the evidence that both plaintiff and defendant were guilty of some act of negligence, as referred to in other instructions herein, that directly combined and contributed to cause the accident mentioned in evidence, then plaintiff is not entitled to recover even though you may believe that defendant was more negligent in causing the accident."

In the case of Hustad v. Cooney, 308 S.W.2d 647, loc. cit. 649, 650(3), a similar instruction was considered by Division Two of this court. It was contended in that case that the instruction gave the jury a roving commission to guess and speculate as to the contributory negligence of the plaintiff. The contention was held to be without merit. This was for the reason that the instruction in question referred to other instructions wherein the specific acts of contributory negligence were submitted. That same situation is present in this case. We need not belabor the question further and refer the reader to the Hustad case where the question was considered at length.

Plaintiff, in the brief, says instruction No. 4 "permitted the jury to combine any alleged acts of negligence of the Appellant * * * with any act of negligence of the Respondent, and required a finding for Respondent if such a combination directly caused the accident; * * *." Plaintiff says there could be "no possible causal connection" between the negligence charged against defendant with that of plaintiff. It is our opinion that the jury, in this case, could well have found that defendant's failure, if any, to keep a lookout, or his failure to swerve, or his driving at a negligent speed would not have resulted in the collision in question if it had not been for plaintiff's failure to keep a lookout or a failure to obey the stop sign. There is no merit in plaintiff's contention.

Directing our attention to the cross-examination of witness Stevens, we find that the record shows the first question asked of this witness was, "You are now confined at the McCune Home for Boys, are you not?" He answered, "Yes, sir." Then the following occurred:

"Mr. Browne: That is objected to as highly improper and not tending to prove or disprove any issue, and prejudicial.

"The Court: The objection is overruled."

The above is the only objection made to the questioning of this witness concerning

the subject matter of plaintiff's second point briefed. We do find that later, at the close of the cross-examination, this witness was asked the following:

"Q. What grade are you in? A. Ninth.

"Q. Ninth grade. But you are not in school now, you are at the McCune Home? A. I go to school out there.

"Q. Oh, you do? A. Yes, sir.

"Q. How long have you been there? A. Six months, about.

"Q. And for why are you there? A. Well, I was on probation one time, and I accepted some stolen money.

"Mr. Deacy: I believe that's all."

No objection was made to this cross-examination.

■■ It is obvious that the point was not preserved for review. Be that as it may, plaintiff complains bitterly of the ruling of the trial court and urges that the alleged error was prejudicial to the rights of plaintiff. It is said that a juvenile, when a witness, may not be impeached by showing that he has been convicted of a crime. The case of State v. Coffman, 360 Mo. 782, 230 S.W.2d 761, loc. cit. 764(6, 7), was cited by plaintiff. See also State v. Tolias, Mo., 326 S.W.2d 329, loc. cit. 333(1) (2, 3). It was ruled in those cases that a juvenile witness may not be impeached by showing that he has been convicted of a criminal offense in a juvenile court. In the case before us, no conviction was shown. The witness was not asked if he had been convicted of crime. When a juvenile is offered as a witness, he may be impeached by questions to which the answers affect his credibility as a witness. The party asking the question is bound by the answer and may not show that the answer is untrue. 98 C.J.S. Witnesses §§ 515, 516, and pp. 421, 442; Asadorian Rug Co. v. Chandeysson, Mo.App., 144 S.W. 2d 199, loc cit. 202(6). In the case of

Barnard v. Wabash R. Co., 208 F.2d 489, loc. cit. 496, 497(20) (21), the U. S. Court of Appeals (8th Cir.) had under consideration our statute, Sec. 211.010, RSMo 1949, now Sec. 211.271, RSMo 1959, V.A.M.S. of the Juvenile Act. A juvenile was there asked if he had not participated in and confessed to a robbery. The court held the question proper and that a juvenile's credibility as a witness could be impeached in that manner.

■■ In the third assignment, plaintiff claims that he should have been granted a new trial on newly discovered evidence. At the trial plaintiff testified that because of shock he did not remember any of the details of the collision. After the trial, he filed an affidavit that his memory had been restored. The granting of a new trial in such circumstances rests largely within the discretion of the trial court. The record does not show that the court abused its sound discretion. Lamb v. Feehan, Mo., 276 S.W. 71, loc. cit. 80(4, 5). The evidence of plaintiff, as disclosed by his affidavit, if it had been introduced at the trial, would have been cumulative. In our opinion, it would not have produced a different verdict. Certainly, the trial court was of that opinion as evidenced by his ruling in denying a new trial. See 66 C.J.S. New Trial § 201(8), pp. 500–505, and numerous cases there cited.

■ In the fourth assignment of error briefed, plaintiff claims that a juror dozed and was inattentive during some of the time plaintiff's evidence was being introduced. Plaintiff did not mention this matter until he filed his motion for a new trial. Diligence required him to make his complaint known to the court at the time of trial. Such a complaint may not be raised for the first time after verdict. 66 C.J.S. New Trial § 62, p. 189.

Finding no prejudicial error in the rulings complained of in the brief, we hereby affirm the judgment of the trial court.

All concur.