**STATE of Missouri, Respondent,**

v.

**Arthur Lee MARTIN, Appellant.**

**No. 37279.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Nov. 23, 1976.

Clinton Almond, Hillsboro, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Timothy J. Patterson, Pros. Atty., Hillsboro, for respondent.

CLEMENS, Judge.

Defendant appeals his conviction for statutory rape, § 559.260, RSMo.1969. Sentence was two years' imprisonment.

Defendant contends the trial court erred in denying his motion for acquittal at the close of the State's evidence and in denying his motion for new trial, both on the ground of insufficient evidence of penetration.

The State's evidence: The nine-year-old victim was visiting at a neighbor's home; defendant, the neighbor's nephew, walked with the girl into a nearby woods. He undressed her, they laid down and defendant "touched her privates with his privates." She was hurt, bleeding and crying. Later, the girl's mother saw blood on her underwear and privates. The next morning a physician examined the girl. He found a "median split at the midline of the perineum of one and one-half centimeters . . . the lower area of the hymen was torn," and he opined that the degree of entry into the victim's vagina was only in millimeters.

 Defendant correctly contends that in rape prosecutions it is essential there be evidence of some penetration of the female organ by that of the male. But the penetration need be but slight and may be shown circumstantially. *State v. Ivey,* 303 S.W.2d 585[1, 2] (Mo.1957); *Rhoades v. State,* 504 S.W.2d 291[6, 7] (Mo.App.1973), citing *State v. Coffman,* 360 Mo. 782, 230 S.W.2d 761[3, 4] (1950). We find the direct and circumstantial evidence of penetration here is sufficient.

This conclusion refutes defendant's further point that the State's verdict-directing instruction lacked evidentiary support.

Judgment affirmed.

WEIER, P. J., and DOWD, J., concur.