STATE of Missouri, Respondent,

v.

Eddie OWENS, Appellant.

No. 41166.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 1, 1980.

Samuel Raban, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Defendant was convicted by a jury of second degree burglary in violation of § 560.045, RSMo.1969. He was sentenced under the Second Offender Act to a seven-year term in the Missouri Department of Corrections. We affirm.

■ Defendant contends the trial court erred by failing to instruct the jury on the lesser crime of trespass. The state charged and convicted the defendant under § 560.-045, RSMo.1969. This statutory offense, burglary in the second degree, requires proof of the following elements: (1) breaking and entering, (2) a dwelling house, (3) with intent to commit a felony or steal therein. *State v. Ryun*, 549 S.W.2d 141, 143 (Mo.App.1977). The applicable trespass statute, § 560.447, as amended in 1973, requires proof of the following elements: (1) willful entry, (2) with knowledge by the defendant that he is not privileged to enter, (3) upon a structure used for residential purposes located in a city, town or village. Section 560.447, RSMo.Supp.1975.

■ The issue before this court is whether trespass, as defined by amended statute § 560.447, can be a lesser included offense of burglary in the second degree as defined by § 560.045. The defendant requested a trespass instruction which the trial court denied. A trial court must instruct on all lesser included offenses supported by the evidence. *State v. Pride*, 567 S.W.2d 426, 431 (Mo.App.1978). Failure to do so constitutes error.

■ On October 24, 1979, we transferred this cause to the Supreme Court of Missouri for its determination as to whether or not trespass was a lesser included offense of burglary second degree. On January 29, 1980, the cause was retransferred to this court by the Supreme Court of Missouri for the stated reason that in *State v. Smith*, 592 S.W.2d 165, 166 (Mo.banc 1979), the supreme court held trespass was not a lesser included offense of burglary second degree whereby the reason for transfer no longer existed. Accordingly, the trial court did not err in failing to instruct on trespass.

■ Defendant next complains about the giving of MAI–CR 7.22 which reads as follows:

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about May 15, 1978, in the City of St. Louis, State of Missouri, the defendant broke into the dwelling place of Frank Hardy located at 1420 North Newstead and entered therein, and

Second, that he did so with the intent to steal property therein, then you will find the defendant guilty of burglary in the second degree.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the foregoing, you must find the defendant not guilty of that offense.

Defendant contends MAI–CR 7.22 lumps too many facts together to be found as a group. Specifically, he contends the broad sweep of the paragraph setting out the breaking element implies that the court has already determined that the premises allegedly broken into was the dwelling of Frank Hardy. We find no such implication. We believe the instruction properly submitted the issues and the evidence supported the instruction.

■ Frank Hardy owned the burglarized residence and had lived there thirty years. Because he was ill, he was staying with his daughter at the time of the burglary. His furniture, household goods, and personal belongings remained in the residence. He stopped by his residence often to determine if all was well. In any event, we do not have the authority to rewrite a pattern instruction. *State v. Washington*, 570 S.W.2d 838, 843 (Mo.App.1978).

■ Finally, defendant charges the trial court with error in admitting into evidence

the following State Exhibits: No. 3 and No. 4, two antique lamps, No. 5, a screwdriver, and No. 6, an antique copper-plated soap dish. Defendant contends these exhibits were not made available to him before trial although his motion for disclosure was timely filed.

Defendant was found inside the house by the police. When the defendant was found, he stated he was "just junking around," and threw to the ground the aforementioned exhibits. The victim testified the screwdriver was not his property, but the other items were his property that he had left at the residence.

The transcript shows the defendant filed a request for discovery. The discovery request is not set out in the transcript. We can only assume that the discovery request was broad enough to include the exhibits in question. *State v. Joyner*, 571 S.W.2d 776, 778 (Mo.App.1978). Even assuming the discovery request was sufficiently broad, defendant's point fails.

Foundation was laid for the introduction of the exhibits. They were offered into evidence by the state. Defendant objected to their introduction without stating any ground for such objection. Defendant preserved nothing for review by this court since he failed to make a specific objection. *State v. Washington*, 368 S.W.2d 439, 443–44 (Mo.1963).

The judgment is affirmed.

DOWD, P. J., and REINHARD, J., concur.