STATE of Missouri, Respondent,

v.

Fern STIERS, Appellant.

No. 42255.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 25, 1980.

---

James G. Gregory, Montgomery City, for appellant.

P. Dennis Barks, Asst. Pros. Atty., Gasconade County, Hermann, for respondent.

REINHARD, Judge.

Defendant appeals from a conviction on a charge of stealing less than fifty dollars. The jury assessed punishment at a fine of ten dollars.

On appeal, defendant does not challenge the sufficiency of the evidence. Her main contention of error is that the trial court failed to give a special negative defense instruction "to the effect that the [defendant] would not be guilty of stealing if she took the property alleged to have been stolen with the intent to promptly pay therefor, . . ."

In July, 1978, defendant worked for a grocery store in Hermann, Missouri. At that time, the store had a credit policy which allowed employees to charge items only if the store owner had given his permission. After closing on July 16, 1978, defendant left the store with some groceries. Defendant had no sales slip and had not asked permission of the owner to charge or take the items. She admitted that she took the items without paying for them but that it was her intention to pay for them when she came in the next workday. Based on her testimony, defendant claims that the evidence supported a special negative defense instruction that if, at the time of taking the property, she intended to promptly pay for the items then she would not be guilty of stealing.

Rule 26.02(6) requires the court to instruct upon all the "law of the case." If the evidence supports the existence of a special negative defense, then failure to give an instruction on that defense is error. *State v. Thornton*, 557 S.W.2d 1, 2 (Mo.App. 1977). A "special negative defense" is:

> [A] defense (1) upon which defendant does not carry the burden of proof (self-defense, accident, honest claim of ownership or use of property, entrapment, etc.), (2) supported by enough evidence arising

during the whole case to raise a reasonable doubt of defendant's guilt, and (3) presenting a positive fact or set of circumstances, as distinguished from a bare denial or converse, which, if found, would negate one or more essential elements of an offense (honest claim to ownership, for example) or which would, if found, constitute a legal defense (self-defense, for example).

Notes on Use, MAI–CR No. 2.04, note 2.

■ To support her contention, defendant cites only a Texas case, *Pyles v. State*, 62 Tex.Crim. 49, 136 S.W. 464, 465 (1911). We find no Missouri cases in which defendant's proposed defense is discussed and we conclude that Missouri does not recognize it as a special negative defense.[1]

Likewise, we are not persuaded by defendant's reliance on the Model Penal Code which provides in part for an affirmative defense to a theft prosecution where the actor "took property exposed for sale, intending to purchase and pay for it promptly or reasonably believing that the owner, if present, would have consented." Model Penal Code § 223.1(3)(c) (1974). *Accord,* Model Penal Code § 206.10(2) and Comment (Tent.Draft No. 2, 1954).[2]

■ We believe that Instruction No. 5, the state's verdict director which was MAI–CR No. 2.04 modified by MAI–CR No. 7.70,[3] correctly stated the law of Missouri as applied to this case. Further, we believe the court properly refused to give the converse tendered by defendant, Instruction No. A.[4] The trial court made no error in failing to instruct the jury that defendant was not guilty if she intended to pay for the items allegedly stolen.

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.

1. Missouri does, however, recognize the special negative defense of honest claim of ownership. *See e. g., State v. Powers*, 442 S.W.2d 4 (Mo. 1969) (claimed to have bought the items); *State v. Thornton*, 557 S.W.2d 1 (Mo.App.1977) (claimed to have found one item and to have bought one item); *State v. Cummings*, 516 S.W.2d 49 (Mo.App.1974) (claimed to have traded for the items).

2. We note the legislature's recent intent not to render such a defense available in a prosecution for stealing as reflected in a statutory omission in § 570.070, RSMo 1978, the appropriate provision of the new criminal code adopted by the Missouri Legislature. Furthermore, the Comment to § 570.070, RSMo 1978 states that this provision was based, in part, upon the Model Penal Code § 206.10. § 570.-070, Comment to 1973 Proposed Code, RSMo 1978.

3. INSTRUCTION NO. 5
If you find and believe from the evidence beyond a reasonable doubt:
First, that on July 16, 1978, in the County of Gasconade, State of Missouri, the defendant took groceries owned by Lensing Foods, Inc., doing business as Jay's IGA Foodliner, and Second, that the property was taken by the defendant with the intent to permanently deprive Lensing Foods, Inc., doing business as Jay's IGA Foodliner, of its use of such property and to convert it to the use of the defendant, and
Third, that the property was taken by the defendant without the consent of the owner, then you will find the defendant guilty of stealing.
However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the foregoing, you must find the defendant not guilty of that offense.
If you find the defendant guilty of stealing, then you will fix her punishment:
1. By confinement in the county jail for a term fixed by you, but not to exceed one year, or
2. By a fine not to exceed $1,000 or
3. By both such fine and confinement in the county jail.

4. INSTRUCTION NO. A
If you do not find and believe from the evidence beyond a reasonable doubt that at the time the defendant took the groceries she did not intend to pay for them, you must find the defendant not guilty of stealing.