STATE of Missouri, Respondent,

v.

Leonard Bracy OLSON, Appellant.

No. 62634.

Supreme Court of Missouri,
En Banc.

Aug. 2, 1982.

Antoinette G. Kirsch, Clayton, for appellant.

John Ashcroft, Atty. Gen., Rosalynn Van Heest, Asst. Atty. Gen., Jefferson City, for respondent.

BARDGETT, Judge.

Appellant Olson was convicted by a jury of count I rape (§ 566.030, RSMo 1978), count II sodomy (§ 566.060, RSMo 1978), and count III assault in the first degree by use of a dangerous instrument (§ 565.050, RSMo 1978) with life sentences imposed for each offense. The court entered judgment in accordance with the verdicts and designated the three sentences to be served consecutively. This appeal followed and, due to the sentences of imprisonment for life, jurisdiction is in this Court. Mo.Const. art. V, § 3.

The sufficiency of the evidence is not contested and a review of the record shows there was sufficient evidence from which a jury could find beyond a reasonable doubt that appellant was guilty of all three crimes.

On October 1, 1979, the victim, a woman, had car trouble and appellant offered her a ride to work. She accepted. Appellant pulled off onto another road, pointed a gun at her, ordered her to put on handcuffs, demanded $50 from her, and said he would hold her for ransom. He then drove to a cabin where he chained her to a roof beam, gagged her, and left to call her boss to get $50. Appellant returned and forced her to commit oral sodomy upon him and then raped her. Later he forced her to commit another act of oral sodomy upon him and raped her again. He then stabbed her in

the back, the breast, neck and the stomach, and shot her in the arm. He left her in a field, and later she made her way to a road where she was found by a person and thereafter received medical attention.

Appellant's first point is that the court erred in overruling his motion to strike count II (sodomy) and count III (assault) "of the amended information for the reasons that the conduct described was a continuous course of conduct such as is contemplated by section 556.041(4) RSMo.1978, so that appellant may be convicted of one offense only, and the state should have been required to elect between the possible offenses, and thus appellant's conviction on the other two counts was a violation of the fifth amendment of the United States Constitution and of Article I, Section 19 of the Missouri Constitution 1945, as amended 1970, which prohibit a person from being tried twice for the same offense."

Section 556.041 provides in relevant part:

When the same conduct of a person may establish the commission of more than one offense he may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if . . .

(4) The offense is defined as a continuing course of conduct and the person's course of conduct was uninterrupted, unless the law provides that specific periods of such conduct constitute separate offenses.

None of the offenses with which appellant was charged and convicted include any others with which he was charged and convicted. They all occurred during a continuous course of conduct or as a single transaction and were properly joined in a single information charging separate counts. The fact that the three offenses did occur in a continuous course of conduct does not bring into play the prohibition of double jeopardy. *State v. Moton*, 476 S.W.2d 785 (Mo.1972). The fact that the three crimes were committed on the same victim does not prevent conviction of each one. These are three separate crimes for which a person can be separately convicted and punished. *State v. Stewart*, 615 S.W.2d 600 (Mo.App.1981). The point is overruled.

Appellant's second point is that "the trial court erred, to the prejudice of appellant, in failing to instruct the jury in this case on the lesser included offenses of assault in the second degree (Section 565.060 RSMo.1978) and assault in the third degree (Section 565.070 RSMo.1978) for the reason that there was evidence in the case from which the jury could have found appellant guilty of the lesser offenses and appellant was entitled to an instruction on any theory the evidence tended to establish."

Appellant testified in his own defense. He stated that on October 1, 1979, a girl came up to his truck and told him her car was stalled and she had to get to work. He told her to signal the police patrol on the parking lot. He denied that she was in his vehicle and denied all further involvement. Appellant did not request any additional instructions be given to the jury.

Section 556.046, RSMo 1978 "Conviction of included offenses" provides:

1. A defendant may be convicted of an offense included in an offense charged in the indictment or information. An offense is so included when

(1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

(2) It is specifically denominated by statute as a lesser degree of the offense charged; or

(3) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein.

2. The court shall not be obligated to charge the jury with respect to an included offense unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense.

In *State v. Hill*, 614 S.W.2d 744 (Mo.App. 1981), the court analyzed § 556.046 and rejected a contention that the trial court should have instructed on assault offenses where, among other homicide offenses,

manslaughter was submitted. The court, after pointing out that the requirements of instructing down in homicide cases is governed by MAI–CR2d 15.00, stated:

The duty involved is now defined by statute. Section 556.046.2 provides: "The court shall not be obligated to charge the jury with respect to an included offense unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense." The key phrase of that section is "a basis for a verdict". It could be argued that the jury's disbelief of the evidence necessary to establish an element of the greater offense is such a basis. However, such a construction would require an instruction on a lesser included offense in the vast majority of cases. It is appropriate to construe a statute with reference to the comment accompanying that statute when enacted. *State v. Stiers*, 610 S.W.2d 83 (Mo.App. 1980); *State v. Gullett*, 606 S.W.2d 796 (Mo.App.1980). The applicable comment indicates that it is an adoption of the existing general rule and cites *State v. Craig*, 433 S.W.2d 811 (Mo.1968). *Craig* declares: "In order to require the giving of an instruction on the included or lesser offense there must be evidentiary support in the case for its submission." *Craig*, 433 S.W.2d at 815. Also see *State v. Achter*, 448 S.W.2d 898 (Mo.1970). Even if the jury were to "disbelieve some of the evidence of the State, or decline to draw some or all of the permissible inferences, (this) does not entitle the defendant to an instruction otherwise unsupported by the evidence, on the issue of accidental homicide pursuant to § 559.-050, . . . ." *Achter*, 448 S.W.2d at 900. It has consistently been held that an instruction on a lesser included offense is required only where there is evidence with probative value which could form the basis of an acquittal of the greater offense *and* a conviction of the lesser included offense. *State v. Howell*, 524 S.W.2d 11 (Mo. banc 1975); *State v. Haynes*, 329 S.W.2d 640 (Mo.1959); *State v. Coffmann*, 360 Mo. 782, 230 S.W.2d 761

(1950). The statute must be so construed. *State v. Mays*, 598 S.W.2d 613 (Mo.App. 1980); *State v. Owens*, 598 S.W.2d 174 (Mo.App.1980); *State v. Decker*, 591 S.W.2d 7 (Mo.App.1979).

*Id.* at 749–50 (emphasis added).

The only evidence as to the offense came in the state's case from the victim. There was no testimony in the state's or the appellant's case which mitigated the offense or provided a different version of it. The defense was simply that appellant did not do it at all.

▪ Appellant states the difference between first-degree and second-degree assault is the presence or absence of "malice", citing pre-1979 cases. That is no longer totally correct. *See* §§ 565.050- .070, RSMo 1978, and MAI–CR2d 19.02- .06.2. Nevertheless, the point is made that the court was required by prior case law and now § 556.-046 to instruct on lesser degrees of the offense charged and lesser-included offenses of the offense charged. If the statute—556.046—requires that second-degree and third-degree assault be submitted in this case, then it is almost impossible to imagine any case where the lesser degree or included instruction would not be required. The last paragraph of § 556.046 has for its purpose the exclusion of the requirement to instruct down in certain instances. It seems the intent was to not require an instructing down unless there were *facts* in evidence from which the jury could find the appellant NOT guilty of the higher offense *AND* guilty of the lesser. It is, of course, true that had this appellant been charged with assault in the second degree or assault in the third degree the evidence, as given in this case, would have sustained a conviction of second- or third-degree assault under at least one of the subsections of the statutes defining those offenses. Nevertheless, the statutory definitions of the degrees of assault do not differ solely on the matter of mental intent as remains the difference between capital murder, murder in the second degree, and manslaughter. In these homicides the injury committed to the victim is

the same—death. The degrees of assault differ somewhat in accordance with the severity of the injury intended, the severity of the injury inflicted, and the instrument used in the assault.

■ Section 556.046.2 limits the requirement of instructing down to those instances where there is some affirmative evidence of a lack of an essential element of the higher offense which would not only authorize acquittal of the higher but sustain a conviction of the lesser. That evidence could be found in the totality of the evidence indicating a lack of requisite intent or knowledge necessary to assault in the first degree (mental intent), in the degree of injury actually inflicted (§ 565.050), in one or more of the mitigating factors set forth in the definition of assault in the second degree (§ 565.060), or in evidence from which the jury could find the assault was a reckless one as set forth in § 565.070.

In the instant case there was no evidence from which a jury could find the assault was committed in any manner or for any purpose other than the manner and purpose supported by the state's evidence and there was no conflict within that evidence.

Trial courts are confronted with a serious dilemma and the efficient administration of criminal justice in many cases is hampered if the trial judge must instruct on all lesser-included offenses, even though no request is made therefor, and there is nothing of significance in the evidence that would draw the matter to the court's attention. That describes the instant case. It presents an almost impossible situation. In the instant case there was no request for a lesser-assault instruction and the defense was solely that appellant did not do whatever was done—alibi.

A decision not to request a lesser-offense instruction is made frequently by defense counsel. It is a tactical decision usually based on the belief—often a reasonable one—that the jury may convict of the lesser offense, if submitted, rather than render a not guilty verdict on the higher offense if the lesser is not submitted. Likewise, the prosecutor will oftentimes request the lesser-offense instruction if he doubts the strength of his case on the higher offense and desires a conviction of something rather than a possible total acquittal.

In the instant case there was no evidence—factual or inferential—that would provide a basis for *both* an acquittal of the higher *and* a conviction of the lesser.

The Court recognizes the argument that a jury could fail (negative) to find an element of the higher offense beyond a reasonable doubt and acquit of the higher and perhaps convict of a lesser offense. This is the basis for requiring an instruction on second-degree murder when capital is submitted and of manslaughter when second is submitted. The Court, however, requires this so-called "automatic" submission only in homicide cases because the *only* difference between them is lack of deliberation (purely mental) as between capital murder and second-degree murder and intent to kill or do serious bodily harm as between second-degree murder and voluntary manslaughter. This is reflected in the direction the legislature has taken in the homicide cases—§ 565.006 provides, in part, "In each jury capital murder case, the court shall not give instructions on any lesser included offense which could not be supported by the evidence presented in the case." There is no requirement in murder cases, as there is in other cases under § 556.046.2, that there be no lesser-offense instructions given unless there is a basis in evidence for *both* an acquittal of the higher *and* a conviction of the lesser.

■ In the instant case there was no basis in evidence to acquit of assault in the first degree *and* convict of assault in the second degree. Therefore, the trial court did not err in failing to give the second-degree assault instruction.

■ The Court further holds that a defendant may not complain about a court's

failure to give a lesser-offense instruction unless the defendant requests it specifically, except in the homicide cases which are governed by a different standard.[1] In this way a trial can proceed to conclusion in an orderly manner and the trial judge will be ruling on requests specifically called to his attention. The trial judge will have the opportunity to consider the evidence in the light of a specific request instead of possibly being held to have erred in not giving an instruction no one requested and oftentimes as to a matter that simply would not have occurred to the judge at instruction time, absent it being brought to his attention by a party seeking to benefit by the instruction. This will be a difficult decision in many cases and if there is any evidence or reasonable inferences from the evidence that would support the giving of a lesser-offense instruction, it should be given if requested.

In the instant case there was no evidence or reasonable inference from the evidence that would have supported the giving of a lesser-assault instruction even if it had been requested.

The judgment is affirmed.

RENDLEN, SEILER, MORGAN and HIGGINS, JJ., concur.

DONNELLY, C. J., and WELLIVER, J., concur in result.

---

1. Appropriate changes, of course, will need to be made in Rule 28.02(a) with respect to "Verdict directing MAI–CR instructions in the 15.00 to 32.00 Series," except with reference to the 15.00 Series.