**STATE of Missouri, Respondent,**

**v.**

**Donald L. WEAVER, Appellant.**

**No. WD 33663.**

Missouri Court of Appeals, Western District.

March 1, 1983.

James W. Fletcher, Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Sandra K. Stratton, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P.J., and MANFORD and NUGENT, JJ.

MANFORD, Judge.

This is a direct appeal from a jury conviction for burglary, first degree, in violation of § 569.160.1(3), RSMo 1978, and robbery, first degree, in violation of § 569.020.1(1), RSMo 1978. The judgment is affirmed.

Appellant's sole point charges that the trial court erred in submitting the verdict-directing instruction for robbery, first degree because the evidence showed that appellant intended to steal only diamonds, not costume jewelry.

The pertinent evidence is as follows:

On May 28, 1981, at about 9:00 a.m., appellant and an accomplice were observed leaving an automobile and approaching the victim's residence. The two forced their way into the residence by using a pry bar on the front screen door. Once inside, they pointed handguns at the victim and demanded she give them her diamonds. The victim stated that the diamonds were in a vault at a local bank. The victim was forced to the floor. She was also struck with an object she thought was filled with sand. She was squeezed about the throat. Her hands and feet were bound and a pillow case was placed over her head. The police arrived on the scene and apprehended appellant and his accomplice at and from within the residence. Investigation revealed the purse of the victim overturned on the floor with $20.00 missing. In addition, officers found a pink pillowcase with costume jewelry in it. Two guns, a pry bar and a police scanner were also found and taken into possession by the officers. Appellant offered no evidence. The jury returned its verdict. This appeal followed the overruling of timely filed after-trial motions.

While appellant offers only one alleged error, the argument in support of it is bifurcated. For purposes of disposition, it is necessary to reference four instructions

that were submitted to the jury. These are:

(a) MAI–CR2d 23.02, modified by MAI–CR2d 2.12, verdict director robbery first degree, § 569.020.1(1), RSMo 1978;

(b) MAI–CR2d 23.02, modified by MAI–CR2d 2.05, 2.12, and 18.02, verdict director attempted robbery, § 564.011, RSMo 1978;

(c) MAI–CR2d 2.10, responsibility of the conduct of another, § 562.036/562.041, RSMo 1978;

(d) MAI–CR2d 2.14, convictions of different degrees of offenses, § 562.051, RSMo 1978.

Since these instructions were submitted in conformity to MAI–CR2d and modified as required, they need not be set forth verbatim herein.

Under the first point of his argument, appellant seems to argue that since the verdict-directing instruction on robbery, first degree employed the term *jewelry* in lieu of the term *property*. and since the evidence revealed that appellant intended only to steal diamonds and not costume jewelry, the evidence was sufficient to support only a conviction for attempted first degree robbery. Appellant was charged and convicted under § 569.020, RSMo 1978, the pertinent portion which reads that a "person commits the crime of robbery in the first degree when he forcibly steals *property* ..." The challenged instruction instructed the jury to find that "defendant or Donald Williams stole jewelry owned by ..." Neither party on this appeal has provided this court with any authority which rules that the property reference in § 569.020 be specified. There seems no rational basis to support such a concept.

■ The term *property* is all inclusive. If, by instruction, a trial court elects to specify the type of property (i.e., jewelry in this case) in lieu of the use of the broader term *property,* such action fully comports with the language and intent of the statute. While the evidence upon this record does reveal that appellant and his accomplice made demand for diamonds, the evidence does not support appellant's contention that they intended to take diamonds to the exclusion of all or any other property. Appellant concedes that his accomplice did take costume jewelry, property of the victim. This fact was further supported by the discovery of the costume jewelry in the pillowcase. In addition, the victim's emptied purse was lacking some $20.00 in cash.

■ What appellant would urge this court to believe is that he and his accomplice entered the victim's home, intending *only* to steal diamonds, and upon failing to find diamonds, they intended to depart empty-handed. As noted, the evidence dispels this suggestion, and with it, appellant's argument that the evidence supported only a conviction for attempted robbery first degree (§ 564.011) Appellant's initial argument is meritless.

■ A further argument by appellant is that the instruction (MAI–CR2d 2.14 and § 562.051) for convictions of different degrees of offenses requires the jury to find he possessed the element of intent necessary for the underlying felony for which he was convicted. This issue has been squarely ruled against appellant by our state Supreme Court in *State v. White,* 622 S.W.2d 939, 944–45 (Mo. banc 1981), cert. denied, 456 U.S. 963, 102 S.Ct. 2040, 72 L.Ed.2d 487 (1982). In *White,* the court ruled: "[Section] 562.051, RSMo 1978, does not create any elements of intent in addition to that of § 562.041, RSMo 1978." The court went on to further rule that § 562.041.1(2) requires an aider have the intent "to purposely promote the commission of the offense." The court was ruling that this is the "required culpable mental state" referenced in § 562.036. In the present case, the requirements of both § 562.041 and § 562.036 were submitted to the jury in and by the trial court's instruction regarding the responsibility of the conduct of another. MAI–CR2d 2.10. This final argument by appellant is likewise meritless.

The trial court did not err in its submission of its instruction on robbery first degree because the evidence upon this record

fully supports said instruction, and the conviction of appellant for that offense.

Judgment affirmed.

All concur.