**STATE of Missouri, Respondent,**

v.

**Harold Floyd WICKMAN, Appellant.**

**No. 12939.**

Missouri Court of Appeals, Southern District, Division One.

July 11, 1983.

Motion For Rehearing and to Transfer to Supreme Court Denied Aug. 2, 1983.

Stephen P. Carlton, Asst. Public Defender, Joplin, for appellant.

John Ashcroft, Atty. Gen., Janet E. Papageorge, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

Appellant, tried as a prior offender, § 558.016, RSMo 1978, as amended by Laws 1981, p. 636, was found guilty by a jury of robbery in the first degree, § 569.020, RSMo 1978, and sentenced by the trial court to 12 years' imprisonment. His sole contention here is that the trial court erred in failing to instruct on robbery in the second degree, § 569.030, RSMo 1978, and stealing, § 570.030, RSMo 1978, as amended by Laws 1981, p. 638, as lesser-included offenses.

Each side submitted instructions to the trial court. Rule 28.02(b).[1] At the instructions conference, Rule 27.02(k), the trial court advised counsel that all requested instructions would be given. The only verdict directing instruction requested was on robbery in the first degree, submitted by the State. The trial court ended the conference asking, "Either counsel have any additions?"

Appellant's counsel answered, "No, sir."

*State v. Olson,* 636 S.W.2d 318, 322[9] (Mo. banc 1982) squarely holds that except

1. Rule references are to Missouri Rules of Criminal Procedure.

in homicide cases, a defendant may not complain on appeal about a trial court's failure to give a lesser-offense instruction unless the defendant requests it specifically. Appellant failed to request either instruction he now says the trial court should have given. *Olson* forecloses appellant's complaint.[2]

Judgment affirmed.

GREENE, C.J., FLANIGAN, P.J., and TITUS, J., concur.

---

2. In *State v. Ellis*, 639 S.W.2d 420 (Mo.App. 1982), the Western District of this Court observes that until *Olson*, a defendant did not have to request a lesser-included offense instruction in order to complain on appeal about the trial court's failure to give it; if the evidence warranted such an instruction, the trial court was required to give it, and failure to do so was error. *Ellis*, 639 S.W.2d at 423, footnote 2. *Ellis* treats *Olson* as having prospective application only. *Id.* We need not decide whether *Olson* applies only prospectively, because appellant was tried after *Olson* was decided.