**STATE of Missouri,
Plaintiff-Respondent,**

v.

**James SIMS, Defendant-Appellant.**

**Nos. 47471, 47677.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 18, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Jan. 22, 1985.

Application to Transfer Denied
Feb. 26, 1985.

Debra B. Arnold, Public Defender, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Jefferson City, for plaintiff-respondent.

GAERTNER, Judge.

A seven count information charged that defendant, a persistent offender, acting with others, committed the following offenses:

Count I—Assault first degree by shooting Veronica Bryant;

Count II—Assault first degree by shooting Steve Valentine;

Count III—Armed criminal action based upon the robbery charged in Count IV;

Count IV—Robbery first degree by stealing a television and stereo from Veronica Bryant by means of a deadly weapon;

Count V—Robbery first degree by stealing money from Steve Valentine by means of a deadly weapon;

Count VI—Robbery first degree by stealing money from John Sanders by means of a deadly weapon;

Count VII—Assault first degree by striking John Sanders with a sawed-off shotgun.

The evidence showed that Steve Valentine, John Sanders, Jimmy Grayson, Michael Grayson and defendant and some others had, on several occasions, played dice together. A dice game was planned for November 20, 1982, but the location was changed from the home of defendant's brother to the apartment of Veronica Bryant, Valentine's fiancee. Defendant and the Graysons drove from the one location to the other in one car, Valentine and Sanders in another. The three concluded Valentine had been cheating in earlier games and determined to recover their losses. They gathered in the kitchen of Bryant's apartment. When Valentine entered the room, Michael Grayson had a sawed-off shotgun; Jimmy Grayson, a pistol; and defendant, a knife. Valentine and Sanders were both beaten, kicked and threatened with death by defendant and the Graysons. The three took money from the two and forced them to carry Bryant's television and stereo to their car at gunpoint. At the car, Sanders broke away and started to run. Defendant and Michael Grayson chased him while Jimmy Grayson held the pistol on Valentine and Bryant. Valentine grabbed Jimmy's arm and a scuffle ensued. Michael returned and shot Valentine three times and Bryant once. Defendant and the Graysons then fled.

Testifying in his own behalf, defendant's version of the evening's events differed from the state's evidence only insofar as the use of weapons was concerned. He denied knowledge or use of any weapons during the beating and kicking of Valentine and Sanders in the kitchen. He claimed he never saw a shotgun or a pistol, but as he was chasing Sanders he heard shots and discovered upon returning to the car that Valentine had been shot by one of the Graysons.

The jury found defendant guilty on Counts I through V and not guilty on Counts VI and VII. As a persistent offender, the court sentenced him to three consecutive 15 year sentences on the first three counts and to two concurrent 15 year sentences on the two robbery counts.

On appeal, defendant contends the trial court erred in failing to instruct on second and third degree assault on each assault count, and on robbery second degree on each robbery count, and in failing to give MAI–CR2d 2.14 on each of these counts. These really amount to a single contention for MAI–CR2d 2.14 is required only where "an offense is so submitted that the jury may find the defendant guilty of any one of two or more degrees thereof." MAI–CR2d 2.14, Notes on Use (3). Accordingly, the basic issue before us is whether or not, under the pleadings and the evidence, submission of lesser-included offenses was required on the various counts.

"It has consistently been held that an instruction on a lesser included offense is required only where there is evidence with probative value which could form the basis of an acquittal of the greater offense *and* a conviction of the lesser included offense." *State v. Olson,* 636 S.W.2d 318, 321 (Mo. banc 1982); § 556.046.2, RSMo. 1978. Reviewing the evidence in the light of this rule and under the allegations of the information reveals that the trial court properly refused to instruct on lesser-included assault offenses, but erred in refusing to instruct on robbery second degree.

At the outset we note the clear delineation in the pleadings and the evidence between the events which took place in the kitchen and those which occurred at the automobile. The two assaults of which defendant was convicted are alleged to have involved the shooting of the victims. There is no evidence of any shooting except that which took place at the automobile. Thus, these assaults are clearly separate and distinct from the assaults in the kitchen which formed a part of the two robberies. *See State v. Helm,* 624 S.W.2d 513, 518 (Mo.App.1981).

■ As to the shooting assaults, there is no material dispute in the evidence. By his own admission, defendant was a participant in the entire affair, including his attempt to prevent the escape of one of the victims while the others were detained at the automobile. Section 562.041.1(2) provides:

A person is criminally responsible for the conduct of another when

(2) either before or during the commission of an offense with the purpose of promoting the commission of an offense, he aids or agrees to aid or attempts to aid such other person in planning, committing, or attempting to commit the offense.

Defendant contends, however, that because his evidence tended to show that he had no intention to cause serious physical harm by the use of a deadly weapon, he was entitled to have the jury consider, under proper instructions for lesser-included degrees of assault, his state of mental culpability.

Our courts have squarely held that criminal responsibility for the acts of another does not require a common intent other than the promotion of the commission of an offense. *State v. White,* 622 S.W.2d 939, 944–45 (Mo. banc 1981), *cert. denied,* 456 U.S. 963, 102 S.Ct. 2040, 72 L.Ed.2d 487 (1982). *White* was construed in *State v. Weaver,* 648 S.W.2d 207, 209 (Mo.App.1983) as a complete refutation of an appellant's contention that a jury must be required to find that he possessed the element of intent for the underlying felony of which he was convicted as an aider or abetter.

In *White,* the court ruled: "[Section] 562.051, RSMo. 1978, does not create any elements of intent in addition to that of § 562.041, RSMo. 1978". The court went on to further rule that § 562.041.1(2) requires an aider to have the intent "to purposely promote the commission of the offense." The court was ruling that this is the "required culpable mental state" referenced in § 562.036."

*Id.* "The general rule is that if the alleged accomplice has the purpose to promote the offense, he necessarily will have the required culpable mental state for that offense." *State v. Connor,* 651 S.W.2d 550, 553 (Mo.App.1983).

■ Defendant does not dispute that serious physical injury was inflicted upon Valentine and Bryant by shooting, therefore, there was no evidence to support an acquittal of assault first degree and a conviction of a lesser degree of assault. It was not error to refuse to instruct on the lesser degrees of assault. Because the instructions properly did not submit different degrees of the assault charges, it was not error to refuse to give MAI–CR2d 2.14. *State v. Boggs,* 634 S.W.2d 447, 456 (Mo. banc 1982).

■ As to the robbery counts, however, the evidence is materially disputed. The victims testified they were not only beaten and kicked, but also threatened with death by means of displayed weapons, a sawed-off shotgun, a pistol and a knife. Defendant denied the use or even the presence of

558

the weapons in the kitchen. His testimony was that the victims gave up the money and property after mere beating with fists and stomping with feet. There was no evidence of serious physical injury caused by the beating and the kicking. Therefore, if the jury believed the defendant's testimony, he could have been acquitted of robbery first degree and found guilty of robbery second degree. Section 556.046.2 obligates the trial court to instruct upon lesser-included offenses under such circumstances.

Defendant does not challenge his conviction for armed criminal action. Accordingly, the judgments of conviction and sentences of 3 consecutive terms of imprisonment on Counts I, II and III are affirmed. The judgments and sentences of two concurrent 15 year sentences on Counts IV and V are reversed and remanded.

PUDLOWSKI, P.J., and KAROHL, J., concur.