**STATE of Missouri, Respondent,**

v.

**Stanley SAWYER, Appellant.**

**No. 47343.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 27, 1984.

Joseph W. Downey, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Mary Elise Burnett, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Defendant, Stanley Sawyer, was convicted of forgery, § 570.090.1(4), RSMo (1978), after a jury trial. He was sentenced by the court as a prior and persistent offender to imprisonment for five years. On appeal, his sole allegation of error is premised on the refusal of the trial court to give MAI–CR2d 2.37.3(2), the so-called "Claim of Right" defense instruction. We affirm.

Since defendant does not challenge the sufficiency of the evidence, it is unnecessary to recount the facts. A review of the record discloses that the State clearly made a submissible case.

We now consider defendant's claim of error. The claim of right defense is limited by statute to the crimes of tampering, property damage, and stealing. §§ 569.130 and 570.070, RSMo (1978). It has been logically extended by judicial decision to a charge of burglary based on entry to a building with the intent to steal. *State v. Quisenberry*, 639 S.W.2d 579, 582 n. 4 (Mo. banc 1982). Thus neither statute nor case law is supportive of defendant's position. Further, note 3 of MAI–CR2d 2.37.3(2) specifically limits the instruction to those crimes where it is statutorily applicable.

Even if we were inclined to extend the claim of right instruction to the crime of forgery, which we are not, this court has no authority to declare erroneous those instruction forms and their accompanying Notes on Use. *State v. Dixon*, 655 S.W.2d 547, 560 (Mo.App.1983). Defendant's point is denied.

The judgment of the trial court is affirmed.

DOWD, P.J., and CRIST, J., concur.