**STATE of Missouri, Respondent,**

v.

**George E. EIDSON, Appellant.**

**No. 49006.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 29, 1985.

Motion for Rehearing and/or Transfer
Denied Dec. 10, 1985.

Application to Transfer Denied
Jan. 15, 1986.

J. Martin Hadican, Clayton, for appellant.

William L. Webster, Atty. Gen., John Munson Morris, Carrie Francke, Asst. Attys. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Defendant, George E. Eidson, appeals from his convictions after a jury trial of burglary in the second degree, § 569.170, RSMo (1978), and attempted burglary in the second degree, §§ 569.170, 564.011, RSMo (1978). He was sentenced as a persistent offender to consecutive terms of imprisonment of fifteen years and ten years. He argues six points on appeal. He contends the trial court erred in: (1) denying his motion for a judgment of acquittal; (2) refusing to submit his requested instruction on trespass in the first degree; (3) refusing to give his proffered instruction on entry to the property under claim of right; (4) failing to suppress items seized from a van used by the lookout; (5) denying his motion for a mistrial based upon an unresponsive answer by a venireman in front of the venire panel; and lastly, (6) failing to dismiss the charge of burglary second degree in the information after the victim submitted an affidavit of non-prosecution. Finding no error, we affirm.

In his first point defendant, in essence, challenges the submissibility of the State's case. In considering the sufficiency of the evidence, we consider the facts in the light most favorable to the verdicts. *State v. Arnold*, 566 S.W.2d 185, 187 (Mo. banc 1978). The burglary occurred at a shopping center called First Capital Plaza in St. Charles, which consists of two one-story structures containing retail stores and an office unit. The two structures face a parking lot which lies between them. Number 207 First Capital Plaza, which along with Number 211 was the scene of the break-in, has an entrance facing Madison Avenue to the north and another facing the parking lot between the two struc-

tures. Two eyewitnesses testified that they saw appellant at approximately 8:30 p.m. break into the door at 207 Capital Plaza by kicking and by using a crowbar which later was discovered inside the building. Inside the building there was damage to the door which connects No. 207 to No. 211. Pry marks marred the door near its handle. A ceiling tile was missing from the ceiling and was laying on the floor. A walkie-talkie and gloves were discovered up in the ceiling. The 211 door which was four inches from the 207 door had a broken bolt lock, and a box which normally blocked the 211 door had been moved. Police found an extra piece of wood trim leaning on the 207 door and a small penlight flashlight behind one of the doors. Number 207 was vacant, but there were objects of value in 211.

Defendant was apprehended as he was leaving the building with his companion. A third man was discovered hiding in a van out in the parking lot. In the van there was a walkie-talkie which matched the one found inside. It can be inferred that the walkie-talkie was used to warn defendant of the arrival of the police.

This case is a companion case to *State v. Miller*, 692 S.W.2d 339 (Mo.App.1985) and *State v. Eidson*, 692 S.W.2d 342 (Mo.App. 1985). In both cases this court denied a similar argument challenging the submissibility of the State's case. No jurisprudential purpose would be served by a written opinion on this point. Defendant's first point is therefore denied pursuant to Rule 30.25(b).

Defendant next contends that the trial court erred in not submitting his requested instruction on trespass in the first degree. Under Count I defendant was charged with burglary second degree. At the instruction conference defense counsel requested a verdict-directing instruction on trespass in the first degree.

Trespass in the first degree is a lesser included offense of burglary in the second degree. *State v. Davis*, 625 S.W.2d 903 (Mo.App.1981). Trespass in the first degree becomes burglary second when the

element of the trespasser's "purpose of committing a crime therein" is added. *State v. Walters*, 636 S.W.2d 122, 125 (Mo. App.1982). Except in homicide cases, which are governed by a different standard, the trial judge is required to instruct on a lesser offense only if it is specifically requested by the defendant and supported by the evidence. *State v. Olson*, 636 S.W.2d 318, 322–323 (Mo. banc 1982). Here defendant specifically requested the instruction. The question then is whether the lesser offense was supported by the evidence.

Since all the elements of a lesser included offense are contained in the greater offense, if the greater offense is supported by the evidence then the lesser offense is also supported by the evidence. *State v. Seddens*, 624 S.W.2d 470 (Mo.App.1981). To apply this rationale to the present case would extend the automatic submission rule of homicide cases to most criminal cases. *See* MAI–CR2d 15.14 and 15.18. The underlying theory is that a jury always has the prerogative of disbelieving the evidence on an element of the greater offense not included in the lesser offense. *See State v. Wilkerson*, 616 S.W.2d 829, 831–833 (Mo. banc 1981).

■ The evidentiary basis for requiring the court to instruct on a lesser offense is, however, more stringent. Only where there is a basis for a verdict acquitting the defendant of the offense charged *and* convicting him of the lesser offense is an instruction on the lesser offense required. § 556.046, RSMo (1978). This two-pronged analysis is necessary because a jury has the option of finding the accused not guilty of the offense charged. The question here is whether the evidence, in fact or by inference, would provide a basis for both an acquittal of burglary second degree *and* a conviction of trespass in the first degree. *State v. Olson*, 636 S.W.2d at 322.

Defendant appears to premise his argument on his own self-serving statement made at the time of his arrest that he was thinking about renting or purchasing the building and on the statement of Miller, his

co-defendant, that the door was open. Also, the leasing agent for unit 207 testified that Wilton (Sam) Eidson and his wife had inquired regarding the rental of 207 and had asked if they could see it. The agent further testified that the scratches and indentations on the outside door to unit 207, which purportedly had been forced open, were there prior to the date of the alleged burglary.

The so-called purpose espoused by defendant of viewing the unit as potential rental property is inconsistent with his conduct in this case and inconsistent with an acquittal of burglary second degree and a conviction of trespass in the first degree. Defendant kicked in the outside door on unit 207. Inside there was property damage to the door between units 207 and 211. A walkie-talkie and gloves were found concealed in the ceiling. A crowbar and a pen-light flashlight were also found. Defendant entered the building at night while the building was unoccupied. In fact, when apprehended by the police, he admitted that he did not have permission to enter the building.

The evidence of intent to commit a crime once inside the building is strong. *State v. Miller*, 692 S.W.2d at 342. The evidence, if believed, proves all the elements of burglary second degree. *Compare State v. Martin*, 624 S.W.2d 879 (Mo.App.1981). While the jury might disbelieve the evidence and find the defendant not guilty, it could not be reasonably inferred that they could acquit the defendant of burglary second degree and convict him of the lesser offense of trespass in the first degree. Defendant's second point is denied.

■ Defendant next asseverates trial court error in refusing to give his proffered Instruction A relating to his entry into the building under a claim of right. Sections 569.130 and 570.070, RSMo (1978) impose upon the defendant the burden to inject the issue of claim of right as a defense. To warrant submission of the claim of right defense, there must be, apart from testimony by the defendant as to his subjective belief, sufficient evidence to enable the court to infer that he honestly held that belief. *State v. Quisenberry*, 639 S.W.2d 579, 584 (Mo. banc 1982). The burden is not met by self-serving statements of the defendant. *State v. Butler*, 665 S.W.2d 41, 45 (Mo.App.1984). At trial, there was no evidence that defendant had permission to enter the building. In fact, he used a crowbar to gain entry. Additionally, in his statement to the police when he was arrested, he specifically denied having any such permission. Defendant failed to interject the issue of claim of right as required before he is entitled to an instruction, and he is not entitled to the instruction as a matter of law. *State v. Butler*, 665 S.W.2d at 45.

■ Moreover, defendant was charged with burglary based on entry into a building with the intent to commit property damage, not with the intent to steal. The claim of right defense is limited by judicial decision to burglary based on entry with intent to steal, *State v. Sawyer*, 681 S.W.2d 526 (Mo.App.1984), and by statute to the crimes of tampering, property damage and stealing. §§ 569.130 and 570.070. Therefore, neither statute nor case is supportive of defendant's position.

We also note that in a companion case, *State v. Miller*, 692 S.W.2d at 341, this court denied summarily a similar claim of right argument. Defendant's third point is denied.

■ Defendant's fourth point challenges the failure of the trial court to suppress items seized from a 1979 van which his brother, Wilton, occupied as a lookout. Shortly after defendant was arrested, a police officer discovered his brother hiding in a van in the parking lot. Upon Wilton's being ordered out of the van, the police officer entered and searched the van. The van was then closed up, seized as evidence, and taken to the police station. A search at the station turned up three briefcases which contained alarm keys, two walkie-talkies, a scanner, a book of law enforcement radio frequencies, a drill, a sledge hammer, punches, drill bits, a duffel bag, a

gas mask, and a gun in a holster. Other items seized from the van included another scanner located on the front seat, a third scanner located on the floor, portable radios, a flashlight, and an aluminum stepladder. Defendant moved to suppress this physical evidence for the reason that the items were not seized pursuant to a search warrant in violation of his constitutional rights. The motion was overruled and photographs of these items, as well as the items themselves, were received into evidence.

In *State v. McCrary*, 621 S.W.2d 266, 273 (Mo. banc 1981), the Missouri Supreme Court held that in order for defendant's Fourth and Fourteenth Amendment rights to be violated or for defendant to have standing to assert a violation of Art. I, § 15, Mo. Const., defendant must have a legitimate expectation of privacy in the place or thing searched. The proponent of the motion to suppress has the burden of establishing that his own constitutional rights were violated by the challenged search and seizure. *State v. Nichols*, 628 S.W.2d 732, 734 (Mo.App.1982), *citing Rakas v. Illinois*, 439 U.S. 128, 131 n. 1, 99 S.Ct. 421, 424 n. 1, 58 L.Ed.2d 387 (1978). At the hearing on his motion to suppress, defendant made no claim that he had either an actual, subjective expectation of privacy in the van or its contents, or that his expectation of privacy was legitimate. A person who is aggrieved by an illegal search and seizure only through the introduction of physical evidence secured by the search of a third person's premises or property has not had any of his Fourth Amendment rights infringed. *See State v. Rellihan*, 662 S.W.2d 535, 542 (Mo.App.1983); *State v. Wood*, 613 S.W.2d 898, 900 (Mo.App. 1981). Defendant's fourth point is denied.

■ Defendant's fifth point challenges the trial court's failure to declare a mistrial based upon an unresponsive answer by a venireman to a voir dire question asked by defense counsel. The statement was made in the following context. During his voir dire of the jury panel, the defense attorney gave defendant's address and asked if anyone knew him or his family. In response, a venireman said that he lived in the same subdivision and believed that his daughter knew defendant's children. The venireman said that fact would not affect his ability to sit through the proceedings but said nothing further at that time. Later in the questioning the defense attorney asked:

... anyone else in the second row that has been a victim of a crime?

Venireman: I've been in the retail clothing business for twenty-five years now. I've been a victim of shoplifting, burglary through a multitude of stores over the years.

Attorney: How long have you been in that business, sir?

Venireman: About twenty, twenty-five years.

Attorney: And recognizing that that is a problem in your business in particular ... and for all of us in general, would that in any way affect your ability to be fair?

Venireman: At this point I can't honestly say. Another thought occurred to me when you mentioned the neighborhood situation. I'm not proud of it but there is a reputation that permeates around the neighborhood about this particular gentleman's house.

At this point defense counsel requested that the panel be discharged because of the prejudicial effect of the remark on the entire panel. The trial court excused the venireman for cause, instructed the panel to disregard the statement, and denied defendant's motion for a mistrial.

Granting a mistrial "is a drastic action and should be exercised only in those circumstances where no other curative action would remove the prejudice claimed." *State v. Morris*, 639 S.W.2d 589, 590 (Mo. banc 1982), *cert. denied*, 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed. 795 (1983). The decision as to whether or not the entire panel of prospective jurors was poisoned by the challenge statement is left to the sound discretion of the trial court. *State v. Turner*, 462 S.W.2d 723, 725 (Mo.1971). We reverse only upon a clear showing of

**554**

an abuse of discretion. "In searching to discover during voir dire the hidden predilections of individual veniremen, it is inevitable that responses evincing bias will be extracted from time to time." *State v. Bushman,* 642 S.W.2d 117, 120 (Mo.App. 1982). The disqualification of a venireman for expressing an opinion or making remarks indicating bias or prejudice is not sufficient ground for challenging the entire jury panel. To hold otherwise would have a chilling effect on the voir dire process. *State v. Browner,* 587 S.W.2d 948, 951 (Mo.App.1979).

Here the venireman's remark was directed at the general neighborhood in which defendant lived. The venireman did not specify what the reputation was. The trial court took the appropriate curative action. The record shows no prejudice on the part of the rest of the jury panel based on the statement of the venireman. We find no abuse of discretion on refusing to declare a mistrial and discharge the jury panel. Defendant's fifth point is denied.

■ Defendant's final point contends trial court error in denial of his motion to dismiss Count I of the information because the prosecuting attorney should not have continued to prosecute after the victim, the owner of the building which defendant entered, submitted an affidavit of non-prosecution. In the affidavit, as well as in his testimony at a preliminary hearing, the owner stated that he did not wish to prosecute. He claimed there was no damage to his property, and no clear indication from the marks on the door that, in fact, there had been a forced entry.

Defendant has cited no direct authority to support his position and we have found none. The prosecutor represents the State not the victim. *State v. Goree,* 546 S.W.2d 785, 788 (Mo.App.1977). It is within the sole discretion of the prosecuting attorney to determine against whom, when, and how the criminal laws are to be enforced. *State v. Rogers,* 674 S.W.2d 608 (Mo.App.1984). It follows, therefore, that the prosecutor is not bound by an affidavit of non-prosecution. Defendant's sixth point is denied.

The judgment of the trial court is affirmed.

SATZ and PUDLOWSKI, JJ., concur.