STATE of Missouri,
Plaintiff-Respondent

v.

Larry Keith MOORE,
Defendant-Appellant.

No. 51022.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 12, 1987.

Susan Lynn Hogan, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Timothy W. Anderson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendant appeals from his conviction by a jury of first degree burglary and his sentence by the court as a persistent offender to fifteen years imprisonment.

Gary Zink was at the time of the offense employed on a shift from midnight to 8:00 a.m. Following work he returned to his home and went to bed. His wife went to the doctor and took the couple's only car. Zink lives on a dead-end road. Around noon Zink heard a knock at the front door which was locked. He called out for identification and received no answer. His bedroom is located at the rear of the house next to the kitchen. Ten or fifteen minutes later he heard the back door in the kitchen, which was unlocked, open. He assumed the entrant was a relative or neighbor. Within a few seconds a silhouette appeared in the doorway to his room. The intruder turned on the light and Zink and the intruder stared at each other for several seconds. The intruder then ran from the house. Zink pursued but lost sight of the intruder. Zink heard a car start and drive off in the direction of the dead-end. Five minutes later a car, a red and white Chevelle, drove from the dead-end area past Zink headed for the main road. Zink identified defendant as the man he saw in his home and as the man driving the automobile. He supplied the license number of the car to police and they arrested defendant who had borrowed the car from the owner. Nothing in the Zink house had been disturbed and nothing had been stolen. Entry was solely by opening the unlocked back door.

At approximately 11:00 a.m. on the same day a neighbor noticed a red and white Chevelle parked on the road within a quarter mile of the Zink home. The vehicle displayed a sign indicating it was disabled. The vehicle was pointed toward the dead-end. As the neighbor drove on she ob-

served a man walking toward the car. He made no attempt to communicate with her. She identified defendant as that man. Both Zink and the neighbor identified defendant at a lineup held the same day as the man they had seen on the day of the occurrence. Defendant did not testify. Prior to his first trial setting defendant fled and was not recaptured for two years.

Defendant first challenges the failure of the trial court to give an instruction on first degree trespass as a lesser included offense. He requested the instruction at trial and preserved the issue in his motion for new trial.

. ■ The State and defendant are in agreement that first degree trespass is a lesser included offense of first degree burglary. *State v. Neighbors*, 613 S.W.2d 143 (Mo.App.1980) [1]; *State v. Martin*, 624 S.W.2d 879 (Mo.App.1981) [8, 9]. They are also in agreement that the critical additional element required for burglary here is that the defendant's unlawful entry into the house was made with the intent to commit a crime therein. Secs. 569.140 and 569.160 RSMo 1986; *State v. McBurnett*, 694 S.W.2d 769 (Mo.App.1985) [7]. Intent to steal may be established by unlawful entry into a building containing items of value. *Id.* [8, 9].

■ In non-homicide cases the trial judge is required to instruct on a lesser offense only if it is specifically requested by the defendant and supported by the evidence. *State v. Olson*, 636 S.W.2d 318 (Mo. banc 1982) [6–9]; *State v. Eidson*, 701 S.W.2d 549 (Mo.App.1985) 1.c. 551. Sec. 556.046.2 RSMo 1986 provides that the trial court is not obligated to instruct down unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the lesser offense. There must be some affirmative evidence of a lack of an essential element of the higher offense which would not only authorize acquittal of the higher but sustain a conviction for the lesser. *State v. Olson, supra*, [6, 7]. As we said in *State v. Eidson, supra*, [1]:

"The question here is whether the evidence, in fact or *by inference*, would provide a basis for both an acquittal of burglary second degree *and* a conviction of trespass in the first degree." (First emphasis supplied; second in original).

Obviously, this test does not require that the evidence in the case mutually exclude one of the two possibilities for in that circumstance there could not be instructions on both crimes and the instructing down concept would be meaningless. Some cases have referred to determining the need to instruct down by whether there is strong and substantial proof of the defendant's guilt of the offense charged. *State v. Martin, supra*, [10–12]; *State v. McBurnett, supra*, [7]; *State v. Neighbors, supra*, [4–6]. But each case utilizing that language involves a fact situation in which no reasonable inference of the lesser offense could be drawn. In each the only inference which could be drawn concerning the requisite element of intent to steal was not simply a permissible inference but a compelling one. The cases involve for instance forcible physical breaking, ransacking of premises, or asportation of stolen property. None of those elements are present here.

■ Defendant's unlawful entry into the Zink home was sufficient to support a conviction for burglary and to supply the element of that crime of intent to steal. But the inference of that intent was not compelling. There was no forcible entry and nothing in the house was disturbed. There was evidence that defendant's car had sustained trouble, that he went to Zink's home and knocked on the door and that he then entered the house. It is possible to infer that he entered to call for help or to advise someone of his delay. It may be granted that other evidence cast substantial doubt on that scenario but it is the duty of the jury to evaluate that evidence and, under proper instructions from the court, determine the proper inference to be placed upon it. The question is one of the defendant's intent and we cannot conclude that the evidence here established that intent as a matter of law. Defendant's flight at the scene and prior to trial is indicative of guilt. But it does not establish defendant's

guilty knowledge of which crime. We find the court erred in refusing the requested instruction on trespass in the first degree.

Defendant has raised three additional allegations of error which could reoccur on retrial. We find no error in the court's rulings on those matters.

Judgment reversed and cause remanded for new trial.

DOWD and REINHARD, JJ., concur.