STATE of Missouri,
Plaintiff/Respondent,

v.

Alex G. WORD, Defendant/Appellant.

No. 60170.

Missouri Court of Appeals,
Eastern District,
Division One.

May 5, 1992.

Judith LaRose, Columbia, for defendant, appellant.

William L. Webster, Atty. Gen., Rudolph R. Rhodes, IV, Asst. Atty. Gen., Jefferson City, for plaintiff, respondent.

CRANE, Judge.

Defendant, Alex Word, was found guilty by a jury in the Circuit Court of St. Louis County of one count of burglary in the first degree, § 569.160 RSMo 1986 and one count of kidnapping, § 565.110 RSMo 1986. He was acquitted of two counts of unlawful use of a weapon, § 571.030.1(4) RSMo 1986. He was sentenced as a prior offender to two concurrent terms of fifteen years imprisonment. He appeals from this judgment, challenging both the sufficiency of the evidence on the first degree burglary charge and the failure of the trial court to instruct the jury on the lesser included offense of trespassing in the first degree. We affirm.

The evidence, viewed in the light most favorable to the verdict, reveals that defendant and the female victim began dating in February of 1988. In April of that year, defendant's home burned down and defendant moved in with the victim. Defendant continued living with the victim until June or July of 1988 at which time he returned to his previous home which had been repaired and the victim moved to a different residence. The victim testified she informed defendant she no longer wished to continue their relationship.

Subsequent to her move, defendant, on one occasion, came over to victim's home and refused to leave until forced. On December 30, 1988, at approximately 4:30 p.m., defendant appeared outside the victim's home and asked to talk to the victim about their relationship. The victim told defendant she did not wish to see him and asked him to leave, which he did.

Later that night, the victim went out on a date with Clarence Ward. At approximately 3:00 a.m. the following morning, the victim and Mr. Ward returned to the victim's home to watch television. Soon afterward, the victim heard a noise coming from the next room.

The victim testified that she got up and saw defendant coming through the front window. She told defendant he had no right to come in. Defendant cursed at her, grabbed her, started pushing her and said he was going to talk to her and she was going to listen to him. Mr. Ward who had observed defendant grabbing and pulling the victim, got between defendant and the victim. While defendant argued with Mr. Ward, the victim went into her bedroom to call the police.

Defendant followed the victim into the bedroom, closed the door, locked it, and ripped the telephone jack out of the wall. Defendant then punched the victim and beat her head against the wall, while cursing at her. In the meantime, Mr. Ward who heard the noise from the bedroom, unsuccessfully tried to open the door, then left the home to seek help. After beating the victim, defendant told the victim he was going to kill her and Mr. Ward. He then grabbed the victim's car keys and forced her out of the house and into her car. He told her he was going to kill her, take her to East St. Louis and dump her body in the water. Defendant drove to a nearby ceme-

tery, and told the victim that he was going to kill her there. He beat the victim again and continued to threaten to kill her. The victim attempted to escape but defendant caught her, kicked her several times, and forced her back into the car. Defendant then drove the victim to his mother's house where he eventually returned the keys to the victim and allowed her to leave.

The victim went to her sister's house and the police were called. The officer who responded testified she was bruised, had a knot under her left eye, and her lips were swollen. Although an ambulance was called, the victim refused medical treatment that night, but subsequently obtained it when the pain continued.

Defendant contends that the trial court erred in overruling his motion for judgment of acquittal because there was insufficient evidence to prove that defendant knowingly entered the victim's home unlawfully with the intent to assault the victim. Defendant instead contends that he had a right to be in the victim's house because he lived there, but because he did not have a key, he entered by a window which he contends had been left unlocked for him to enter. He also contends that there was no evidence that he entered the home with the intent to assault the victim.

A person commits the crime of burglary in the first degree if he unlawfully "enters ... a building or inhabitable structure for the purpose of committing a crime" while "(3) [t]here is present in the structure another person who is not a participant in the crime." Section 569.160 RSMo 1986. Defendant was charged and convicted of entering the victim's home to commit the crime of assault. The jury was instructed that a person commits the crime of assault if he attempts to cause physical injury to another person.

■ To determine whether the state made a submissible case, we accept as true all evidence and permissible inferences which support the verdict, reject all contrary evidence and inferences, and determine whether the evidence, so viewed, is sufficient for reasonable persons to find the defendant guilty beyond a reasonable doubt. *State v. Weber*, 814 S.W.2d 298, 299 (Mo.App.1991); *State v. Robinson*, 735 S.W.2d 80, 81 (Mo.App.1987). When the state's case is based in part on circumstantial evidence, that evidence must be consistent with guilt and inconsistent with any reasonable theory of innocence. *Weber*, 814 S.W.2d at 299. This circumstantial evidence rule is applied realistically, the circumstances presented need not conclusively show guilt nor need they demonstrate the impossibility of innocence. *Id.* at 300. In addition, the mere existence of another possible theory is not enough to remove the case from the jury. *State v. Galvan*, 798 S.W.2d 185, 189 (Mo.App.1990).

■ We find the state made a submissible case. Defendant entered the victim's home at 4:00 in the morning by way of a closed front window. As soon as he entered, defendant began cursing, grabbing, and pushing the victim. While engaged in this physical and verbal abuse, he told the victim that he wanted to talk to her, and that the victim was going to listen to him and talk to him. However, instead of talking to her, he proceeded to viciously beat her. Defendant argues that the victim's testimony that he said he wanted to talk to her is the sole evidence of his intent and supports an inference that he entered the home only for the purpose of talking with her. However, the conduct that accompanied this statement does not reasonably indicate an intent to have a conversation. The jury reasonably could have found defendant's purpose in entering the residence was to commit an assault.

The jury could also have reasonably found that defendant did not enter the property believing he had a lawful right to be there. The victim testified that defendant had never lived with her in that house and that she had sent defendant away when he had visited earlier in the day. By his own testimony he had knocked on the door for 25 minutes without being admitted before he opened and climbed through the window. The court did not err in overruling the motion for acquittal on the burglary charge.

■ Defendant also contends that the trial court erred in refusing his instruction on the lesser-included offense of trespass in the first degree. A person commits the offense of trespass in the first degree "if he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure or upon real property." Section 569.140 RSMo 1986. Trespass in the first degree is a lesser-included offense of burglary in the first degree. *State v. McBurnett,* 694 S.W.2d 769, 773 (Mo.App.1985). Burglary requires the added element of intent to commit a crime within the premises. *Id.* See also § 569.-160 RSMo 1986.

■ The trial court is required to submit a lesser-included offense instruction if requested by defendant only where there is some affirmative evidence of the lack of an essential element of the higher offense which would not only authorize acquittal of the higher offense but would also sustain a conviction of the lesser offense. *State v. Childers,* 801 S.W.2d 442, 446 (Mo.App. 1990); § 556.046.2 RSMo 1986. Both conditions must be met because a jury always has the option of finding the accused not guilty of the offense charged. *State v. Eidson,* 701 S.W.2d 549, 551 (Mo.App. 1985). In order to determine whether a lesser-included offense instruction was required, we must determine whether the evidence, in fact or by inference, would provide a basis for both an acquittal of burglary *and* a conviction of trespass. *Id.*

■ In the present case defendant denied the commission of any of the charged acts. His defense to the burglary charge was that he lived in the victim's house. He never testified to his purpose in coming to the house, but merely answered "yes" to the question, "In December of 1988, did you have occasion to go to the [victim's] address?" He testified he did not have his key, because he had given it to the victim, that he knocked for 25 minutes and that he went through the front window because the victim had left it unlocked for him to enter if he ever got locked out. He testified that he stumbled over Mr. Ward and had some words with him and the victim invited him to her bedroom to talk, where she began grabbing him and he had to shove her to get her off. He testified that he told her that because he had caught her "messing around" the relationship was over and he was going home to his parents and she offered to give him a ride. He accepted on the condition that he drive. He testified that they got gas, went to his parents' house, went to a church parking lot because the victim was getting loud, and returned to his parents' house. He denied ever hitting the victim or threatening her life.

Defendant's testimony, that he entered the house because he lived there and the window had been unlocked for him to enter, if believed, would not only have supported an acquittal of the burglary charge, but would also have supported an acquittal of a trespass charge, since the element of knowing unlawful entry would not have been established. Under these circumstances a lesser-included offense instruction on first degree trespass was not required.

Defendant, however, argues that there was evidence based on the victim's testimony from which the jury could have found that defendant entered the house unlawfully but without the intent to commit an assault therein, because the victim testified that defendant said he wanted to talk to her. This reported statement must be considered in context. The victim testified that while defendant was pushing, grabbing, and cursing her, he told her he wanted to talk to her and she was going to listen to him. His immediate conduct toward her was physical and abusive and progressed into a beating. Defendant never attempted a conversation, all his verbalizations were curses and threats. Moreover, his own testimony disavows an intent to converse. Under his version of the incident, she, not he, wanted to talk.

Defendant's claim that the victim's evidence supported an inference that he intended to enter the home to talk to the victim is inconsistent with his conduct. *See Weber,* 814 S.W.2d at 300. The evidence of intent to commit an assault once he was

inside the victim's home is strong. As in *Eidson*, 701 S.W.2d at 552, while the jury might disbelieve the state's evidence and find defendant not guilty, it is not reasonable under the evidence that it could acquit defendant of burglary first degree and convict him of the lesser offense of trespass in the first degree. This point is denied.

The judgment of the trial court is affirmed.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.