STATE of Missouri, Respondent,

v.

Maurio CHILDRESS, Appellant.

No. 66411.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 27, 1995.

Barbara Hoppe, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Becky Owenson Kilpatrick, Asst. Atty. Gen., Jefferson City, for respondent.

WHITE, Judge.

Defendant appeals from the judgment entered on his conviction of burglary in the first degree. We reverse and remand.

On February 16, 1994, defendant was homeless after being laid off from his job in St. Louis. Defendant and a homeless friend "hopped" a train bound for Chicago, Illinois to seek shelter with friends. The two men rode 116 miles on the train's open platform and became cold. As the train stopped in Hannibal on a bridge, they got off the train to find shelter from the elements. Defendant and his friend sought shelter and assistance from people but were unsuccessful. After attempting to sleep in an apartment building hallway they returned to the bridge to "hop" another train.

A police officer stopped defendant and his friend as they walked towards the bridge. The officer decided to "run a check" on the defendant. Defendant was detained overnight while the check was conducted. Upon his release, defendant learned the closest homeless shelter was in Quincy, Illinois.

After attempting to hitch a ride at the local truck stop the two men decided to "hop" another train that evening. They waited near the tracks and eventually attempted to warm themselves in a porta potty. Three hours after arriving, the men decided to walk back into Hannibal.

As they walked toward Hannibal, defendant and friend noticed a house across from

the train tracks. Defendant admitted entering the house. Defendant and friend found and ate moldy bread and cookies. After rigging the fuse box for electricity, they took the heaters, blankets and clothes to a second floor bedroom where they slept overnight.

The next morning the owner of the house arrived to retrieve several stored items. Upon discovering defendant and his companion, the owner told the men to wait until he returned. Defendant descended the stairs and attempted to run but, was stopped by the owner. While waiting for the police the three men sat and talked. Defendant and friend were arrested.

Defendant was charged by information with burglary in the first degree. At trial, defendant offered to the court MAI–CR 3rd 323.56, the trespass in the first degree instruction, however, the court refused to submit it to the jury. The jury convicted defendant of first degree burglary and he was sentenced to five years imprisonment. Defendant raises four points on appeal.

We first address defendant's second point in which he argues the trial court erred by refusing to submit to the jury his instruction on the lesser included offense of trespass in the first degree[1]. "A person commits the crime of trespass in the first degree if he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure or upon real property." Section 569.140 RSMo 1986. Trespass in the first degree is a lesser included offense of burglary in the first degree. *State v. Word,* 829 S.W.2d 113, 116 (Mo.App.E.D. 1992). The offense of burglary requires the additional element of intent to commit a crime within the premises. *Id.*

"There must be some affirmative evidence of a lack of an essential element of the higher offense which would not only authorize acquittal of the higher but sustain a conviction for the lesser." *Id.* The court must determine whether the evidence, in fact or by inference, would provide a basis for both an acquittal of burglary and a conviction of trespass when evaluating whether a lesser included offense instruction is required. *State v. Moore,* 729 S.W.2d 239, 240 (Mo.App. E.D.1987). The "test does not require evidence in the case mutually exclude one of two possibilities for in that circumstance there could not be instructions on both crimes and the instructing down concept would be meaningless." *Id.* "The court must resolve all doubts in favor of instructing down." *State v. White,* 847 S.W.2d 929, 933 (Mo.App.E.D. 1993).

In *Moore,* defendant entered a home through an unlocked door and fled when the owner awoke and discovered defendant standing in his bedroom doorway. The court noted defendant's unlawful entry into the home was sufficient to support a conviction for burglary and supplied the required intent to steal. *Id.* However, the inference of intent was not compelling because there was no forcible entry into the home and nothing had been disturbed. *Id.* Because there was evidence defendant had mechanical problems with his automobile, the court believed it was possible for the jury to infer defendant entered the home to call for motorist assistance or to notify someone of his delay. *Id.*

Although other evidence cast what the court deemed "substantial doubt on that scenario", it was the jury's duty to evaluate the evidence and under proper instructions from the court determine the proper inference to be placed upon it. *Id.* This court reversed the judgment and remanded the cause for a new trial finding the evidence did not establish "as a matter of law" defendant intended to commit a crime in the house. *Id.*

In the case at bar, defendant's unlawful entry into the house was sufficient to support a conviction for burglary and to supply the element of intent to steal. However, there was affirmative evidence upon which the jury could have acquitted defendant of the higher offense but, sustain a conviction of the lesser offense.

---

1. Defendant failed to include this instruction, MAI–CR3d 323.56 in the argument portion of his brief thereby violating Rule 30.06(e). Defendant did attach the instruction to his motion for new trial which is part of the legal file. Because this is a pattern MAI–CR3d instruction, we will review defendant's second point. *State v. Culkin,* 791 S.W.2d 803, 812 n. 1 (Mo.App.E.D.1990).

Defendant testified he was suffering from exposure to the cold and entered the house for protection from the cold. The testimony indicated defendant was homeless and attempting to return to his birthplace to seek shelter with friends. Once stranded in Hannibal, he made several attempts to find shelter. He sought transportation to the nearest homeless shelter. Defendant saw what he thought was a house abandoned due to flood water damage. The house was close to the river. Defendant and friend knocked on doors and walked around the house. Defendant noticed broken windows and a damaged partially opened door. Believing the house to be abandoned, they entered.

Defendant testified the interior of the house was in a state of disrepair. Floor tiles and counters were warped and dirty. The bathtub was filled with cobwebs, dirt and trash. The owner testified when he entered the house there were curtains and bedspreads hung over the windows to keep the cold air out.

While it may be possible to infer intent to commit a crime from defendant's unlawful entry into the house, it is the duty of the jury to evaluate the evidence and, under the proper instructions from the trial court, determine the proper inference to be placed upon it. The question is one of defendant's intent and we cannot conclude the evidence here established the requisite intent as a matter of law.

The trial court erred in failing to instruct the jury on the lesser included offense of trespass in the first degree. Defendant has raised three additional allegations of error. We find no error in the court's rulings on these matters. We reverse the judgment of the trial court and remand the cause for new trial.

SMITH, P.J., and PUDLOWSKI, J., concur.