STATE of Missouri, Respondent,

v.

Carlton GRAHAM, Appellant.

Carlton GRAHAM, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 65544, 67675.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 20, 1996.

Judith C. LaRose, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David G. Brown, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Defendant, Carlton Graham, appeals after a verdict, judgment and sentence on the charge of sale of a controlled substance within one thousand feet of a school. Section 195.214 RSMo Cum.Supp.1991. On April 2, 1993, the court imposed a ten year sentence, suspended execution of the sentence and placed defendant on probation for a period of five years. On February 22, 1994, this court granted defendant's motion for leave to file a late Notice of Appeal. Subsequently, the motion court denied defendant's motion for post conviction relief under Rule 29.15 after an evidentiary hearing.

Defendant briefed and argued three direct appeal issues. The appeal of the denial of post conviction relief was abandoned since defendant failed to brief any claims of error in that proceeding.

■ Defendant argues the trial court erred in refusing to grant a mistrial. No request for a mistrial was made. Defense counsel objected to a statement by a witness, Detective Whitling, that "It's [police] department policy to seize any monies that are with buy money as possible proceeds from illegal transactions." A general objection was made and sustained. The trial court could not have erred in refusing to grant a mistrial since defendant did not request one. Point denied.

Defendant's remaining two claims of error involve matters which occurred during closing argument. The first claim is a protest against the prosecutor's "deterrence of crime," "necessity of law enforcement," and "need to protect society from criminals" arguments.

■ We find no error. Similar arguments were approved in *State v. Clemmons,* 753 S.W.2d 901, 909 (Mo. banc 1988), cert. denied, 488 U.S. 948, 109 S.Ct. 380, 102 L.Ed.2d 369 (1988). Here, the court overruled general objections by defense counsel. A prosecu-

tor is permitted to argue the necessity for law enforcement, the prevalence of crime in the community, the personal safety of citizens, and the duty of jurors to uphold the law. *Id.; State v. Hatcher,* 835 S.W.2d 340, 344 (Mo.App.W.D.1992). The trial court sustained an objection to part of the argument which alluded to personalization of one or more of the jurors to the criminal activity of defendant. There was no error in denying the general objections.

The second claim involves the following comment by the prosecutor that defense counsel's argument was unpersuasive:

> The defense attorney wants you to think it's snowing, shoveling that snow at you, anything he can to make you think it's snowing. If he can make one of you believe it[']s snowing then his defendant will walk.

Defendant objected generally and asked leave to approach the bench. The court overruled the objection and noted counsel would later be permitted to make a record. The prosecutor repeated a similar comment in rebuttal closing argument:

> I just pictured [defendant] here shoveling, he's shoveling snow. I hope it's not getting in anybody's eyes because all it takes is one person. You get one person to doubt Detective Whitling.

Defense counsel specifically objected to the comments as a misstatement of the law. The trial court overruled the objection and ordered the jurors "[b]e governed by your recollection of the evidence and instructions."

■ Defendant contends the court erred in allowing the prosecutor to combine a serious misstatement of the law with a personal attack on defense counsel. Misstatements of the law are impermissible during closing arguments, and a duty rests upon the court to restrain such arguments. *State v. Blakeburn,* 859 S.W.2d 170, 174 (Mo.App.W.D. 1993). Counsel is permitted a wide latitude in his comments, but he cannot argue beyond the evidence, beyond issues drawn by the instructions, or urge prejudicial matters. *Id.* The comment must be interpreted with the entire record rather than in isolation. *Id.* It is presumed the jury will properly follow the instructions given. *Id.*

■ The argument was not a personal attack on defense counsel. It was a legitimate comment on the nature of counsel's closing argument. The argument did, however, contain a misstatement of law if it is interpreted to mean that one juror could free the defendant. If a juror accepted and agreed with defendant's closing argument and voted for a not guilty verdict the most that would be accomplished is a new trial.

We find the trial court erred in overruling the objection to the argument that one juror could free defendant. However, we conclude it did not commit prejudicial error.

■ First, the argument did not involve a misstatement of substantive law. It is not the prerogative of counsel to inform a jury as to the law or read statutes to the jury. *State v. Jordan,* 646 S.W.2d 747, 751 (Mo. banc 1983); *State v. Holzwarth,* 520 S.W.2d 17, 22 (Mo. banc 1975). The logic of this rule is the court will inform the jury on the law with its instructions. We find the court properly instructed the jury on the charged crime. The court informed the jury "[T]o follow the law as the Court gives it to you." The court also informed the jury that "Your verdict, whether guilty or not guilty, must be agreed to by each juror. Although the verdict must be unanimous, the verdict should be signed by your foreman alone." Defendant has not argued any or all of the court's instructions were erroneous.

In light of the instructions, the argument may also have been interpreted to mean the jury could not find defendant guilty unless the verdict was unanimous. It is speculative to conclude the misstatement of procedural law caused any juror to reach a guilty verdict. If that occurred, then the juror must have failed to follow the instructions of the court.

Second, we are mindful the evidence in support of the unanimous guilty verdict included eye-witness testimony of the undercover police officer who purchased crack cocaine from defendant. After the undercover officer signaled a sale was made, Detective Whitling arrested defendant and seized money from defendant's pocket which included

two bills which matched photo copies of the drug buy money. Defendant testified and denied the sale. The conflicting evidence presented uncomplicated issues of credibility and proof. The argument of the prosecutor appears inconsequential in deciding those issues. Defendant did not articulate or prove how he was prejudiced by the argument, particularly, how any jurors rejected his testimony and accepted the detective's testimony as true.

We affirm the judgment and sentence and the denial of Rule 29.15 post conviction relief.

REINHARD, P.J., and CRANDALL, J., concur.