**STATE of Missouri, Respondent,**

v.

**Michael J. HINSA, Appellant.**

No. 22027.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 21, 1998.

Nancy L. Vincent, Dist. Defender, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Meghan J. Stephens, Asst. Atty. Gen., Jefferson City, for Respondent.

CROW, Judge.

A jury found Appellant guilty of burglary in the second degree. § 569.170.[1] The trial court sentenced Appellant—a prior offender, § 558.016.2—to seven years' imprisonment. This appeal followed.

The first of Appellant's two points relied on avers the trial court erred in refusing to give the jury an instruction tendered by Appellant hypothesizing the offense of trespass in the first degree. § 569.140. Appellant's second point maintains the trial court committed plain error by permitting the prosecutor "to misdefine the law in closing argument."

Appellant presented no evidence and does not challenge the sufficiency of the State's evidence to support the verdict. This opinion sets forth only the evidence pertinent to Appellant's claims of error.

On May 9, 1996, Bruce Williams resided at Route 1, Broseley.[2] A house owned by Eugene Colon was "next door" to Williams's residence.

About 3:19 a.m. that date, Williams heard his dog barking. Williams looked out a window and saw "flashlights and lights flickering in ... the [Colon] house." Williams knew Colon had been gone "[p]robably two months" and "there wasn't anybody home." Williams called the "police department."

Butler County deputy sheriffs Bobby Wicker and Timothy Knobles[3] were on patrol in a "marked" vehicle in the "eastern end" of the county. They were dispatched to the Colon house. Upon approaching it, they saw a yellow car backing out of the driveway. Wicker, driving the patrol vehicle, turned on the "overhead lights" and "blocked the road so [the yellow] vehicle could not leave."

Wicker and Knobles exited their vehicle and saw two people in the yellow car: Appellant and his wife. The officers ordered Appellant and his wife out, arrested them, and handcuffed them.

About that time, another Butler County deputy sheriff, Jerry Armes,[4] arrived.

Armes and Knobles saw several items of wooden furniture in the back of the yellow car.

Armes entered the Colon house and "did a walk-through" to ensure no one was inside. Asked to describe the interior of the house, Armes replied, "I observed several dresser drawers, chest of drawers pulled out, items on the floor." According to Armes, "Several things looked like it had been ransacked."

Knobles searched Appellant, finding "several items" in his "bluejean pockets." Knobles explained, "I bagged them there and took them back to the office and we sorted them out there."

Armes took Appellant and his wife to the sheriff's office. There, Armes read Appellant the "Miranda warning."[5] Appellant wrote and signed a statement. Asked by the prosecutor to read the statement aloud, Armes responded:

"On 5–9–96 I stopped at a [sic] unlived [sic] in house. I got out to use the bathroom and found that the door was unlocked and grabbed a few tables that was on the back porch, like if someone had

1. References to statutes are to RSMo 1994.

2. Broseley is in Butler County. This case was tried in Wayne County on change of venue.

3. This surname is spelled "Nobles" in the transcript. It is spelled "Knobles" in the witness list on the information filed by the Butler County prosecutor. This court assumes the latter is correct.

4. This surname is spelled "Arms" in the transcript. It is spelled "Armes" in the witness list on the information filed by the Butler County prosecutor. This court assumes the latter is correct.

5. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

already placed them there and put them in ... the car. She didn't like the idea but I said that they was ... had been worried about it because it was opened. Started the car and backed out when a police car blocked the road and said get out of the car. I also looked through a few dressers and cabinets while I was in there."

Armes and Knobles showed Appellant the items taken from him by Knobles during the search incidental to arrest. Appellant "pointed out" items he had taken from the Colon house. Knobles described those items as: "a pair of wire cutters, a pair of scissors, toothbrush, ashtrays, one red candle, two brass snuff boxes, one brass lighter and a key ring containing two keys."

The yellow car and its contents were impounded.

Colon was in Kansas when the incident occurred. Upon being notified, he returned to his house and discovered some items were missing, including a brass lamp, a cigarette stand and a brass ashtray. Colon went to the Butler County sheriff's office and identified the missing items.

At trial, Colon recounted that although he was gone when the incident occurred, he "maintain[ed] utilities" and "[e]verything was locked."

■ Appellant tendered an instruction patterned on MAI–CR 3d 323.56, hypothesizing trespass in the first degree. The trial court marked it Instruction A and refused it. Instruction A is set forth below.[6]

Section 556.046 reads, in pertinent part:

**6.** Instruction A reads, in pertinent part:

"If you do not find the Defendant guilty of burglary in the second degree as submitted in Instruction No. 5, you must consider whether he is guilty of trespass in the first degree under this Instruction.
If you find and believe from the evidence beyond a reasonable doubt:
That on or about May 9, 1996, in the County of Butler, State of Missouri, the defendant knowingly entered unlawfully in a building located at Route 1, Box 60, Broseley, Missouri, and owned by Eugene Colon,
then you will find the defendant guilty of trespass in the first degree.
However, unless you find and believe from the evidence beyond a reasonable doubt each

"1. A defendant may be convicted of an offense included in an offense charged in the indictment or information. An offense is so included when

(1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

. . . .

2. The court shall not be obligated to charge the jury with respect to an included offense unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense."

■ The parties agree that trespass in the first degree committed by entering a building is an included offense in burglary in the second degree. *State v. Vineyard,* 839 S.W.2d 686, 689[1] (Mo.App. E.D.1992); *State v. Green,* 812 S.W.2d 779, 787 (Mo.App. W.D.1991); *State v. Neighbors,* 613 S.W.2d 143, 146–47[1] (Mo.App. W.D.1980).

■ A trial court is required to submit a lesser included offense instruction if the evidence arguably shows a lack of an essential element of the greater offense, while affording a basis for conviction of the lesser.[7] *State v. Garner,* 800 S.W.2d 785, 788[7] (Mo. App. E.D.1990); *State v. Dorsey,* 724 S.W.2d 610, 611 (Mo.App. E.D.1986).

Appellant insists there was a basis for acquitting him of burglary in the second degree and convicting him of trespass in the first degree in that the jurors could reasonably have found he "entered the Colon prop-

and all of these propositions, you must find the defendant not guilty of that offense.
. . . ."

**7.** This court emphasizes that a trial court's failure to comply with that requirement does not automatically compel reversal. Except in homicide cases, an accused may not complain on appeal that a trial court erred in failing to instruct a jury on a lesser included offense unless the accused specifically requested such an instruction. *State v. Olson,* 636 S.W.2d 318, 322–23[9] (Mo. banc 1982), overruled on an unrelated point by *State v. Santillan,* 948 S.W.2d 574, 576 (Mo. banc 1997); *State v. Smith,* 686 S.W.2d 43, 45[2] (Mo.App. S.D.1985). In the instant case, as we have seen, Appellant specifically requested Instruction A.

erty unlawfully, but not with the purpose of committing stealing." Appellant bases that premise on the statement he gave Armes, recited earlier in this opinion. Appellant's brief declares:

> "[Appellant's] statement to the police, entered into evidence by the state, supports the conclusion that [he] did not *enter* unlawfully with the purpose to commit a crime. In his statement [Appellant] said he and his wife were driving around and stopped at an unoccupied house. He got out to use the bathroom and found the door unlocked. The fact [Appellant] entered through an unlocked door, and there was no evidence of forced entry, supports the inference of lack of intent to commit a crime."

Citing *State v. Mizanskey,* 901 S.W.2d 95, 99[9] (Mo.App. W.D.1995), Appellant asserts a trial court, in deciding whether to instruct on a lesser included offense, should "resolve all doubts regarding the evidence in favor of instructing on the lower offense." Furthermore, says Appellant, an appellate court, in deciding whether an accused is entitled to a particular instruction, is required by *State v. Howard,* 949 S.W.2d 177, 180[3] (Mo.App. E.D.1997), to view the evidence in a light most favorable to the accused.

Appellant cites two cases where burglary convictions were reversed because the trial court failed to instruct on trespass in the first degree. One is *State v. Moore,* 729 S.W.2d 239 (Mo.App. E.D.1987). There, the occupant of a house was in a bedroom when the accused appeared at the bedroom door. *Id.* After staring at the occupant, the accused fled. *Id.* The appellate court noted: (a) there was no forcible entry, (b) nothing in the house was disturbed, (c) there was evidence that the accused's car had become disabled near the house, and (d) the accused knocked on the front door before entering. *Id.* at 240. The appellate court concluded it was possible to infer that the accused entered the house to call for help or advise someone of his delay. *Id.* Given that possibility, the appellate court held the trial court erred in refusing the accused's requested instruction on trespass in the first degree. *Id.* at 241.

The other case cited by Appellant is *State v. Childress,* 901 S.W.2d 321 (Mo.App. E.D. 1995). There, the accused and his companion, both homeless men, planned to "hop" a train on a mid-February evening but were unsuccessful. *Id.* After attempting to warm themselves in a "porta potty," they began walking and eventually espied a house near the tracks. *Id.* at 321–22. They entered, found and ate moldy bread and cookies, rigged a fuse box for electricity, took heaters, blankets and clothes to a bedroom, and slept overnight. *Id.* at 322. The next morning, the owner arrived at the house, discovered them, and had them arrested. *Id.* The appellate court held the accused's unlawful entry into the house was sufficient to support a conviction for burglary and to supply the element of intent to steal. *Id.* However, the court further held there was evidence upon which the jury could have acquitted the accused of burglary but convicted him of trespass in the first degree. *Id.* The court explained: "The question is one of [the accused's] intent and we cannot conclude the evidence here established the requisite intent [to steal] as a matter of law." *Id.* at 323. Therefore, failure to instruct on trespass in the first degree required reversal. *Id.*

While *Moore* and *Childress* suggest Appellant's first claim of error may be meritorious, other cases with dissimilar facts indicate otherwise.

In *State v. Eidson,* 701 S.W.2d 549 (Mo. App. E.D.1985), the accused was convicted of burglary in the second degree. On appeal, he complained the trial court erred in rejecting his tendered instruction hypothesizing trespass in the first degree. *Id.* at 550. The evidence showed the accused broke into an unoccupied commercial building at night using a crowbar. *Id.* at 550–52. He was apprehended by police while leaving the building. *Id.* at 551. Inside the building, police found a walkie-talkie, gloves and a small flashlight. *Id.* Police found another man hiding in a nearby van. *Id.* In the van was a walkie-talkie matching the one inside the building. *Id.* The accused argued the trespass instruction was required because he told police, when arrested, that he was thinking

about renting or purchasing the building. *Id.* The appellate court disagreed, saying:

"The so-called purpose espoused by [the accused] of viewing the unit as potential rental property is inconsistent with his conduct ... and inconsistent with an acquittal of burglary second degree and a conviction of trespass in the first degree.... [I]t could not be reasonably inferred that [the jury] could acquit the [accused] of burglary second degree and convict him of the lesser offense of trespass in the first degree."

*Id.* at 552.

In *State v. Blewett,* 853 S.W.2d 455 (Mo. App. W.D.1993), the accused entered a house by breaking a lock on a door, disturbed various items of personal property, and fled when police approached. *Id.* at 457. On appeal from the denial of post-conviction relief from a conviction of burglary in the second degree, the accused, relying on *Moore,* 729 S.W.2d 239, claimed his lawyer rendered ineffective assistance in failing to submit a verdict-directing instruction on trespass in the first degree. *Blewett,* 853 S.W.2d at 456–57. The appellate court held the evidence did not support such an instruction, hence the motion court did not err in denying relief without an evidentiary hearing on that issue. *Id.* at 460. The appellate court said: "[T]he evidence of burglary was compelling." *Id.* at 459[6].

In *State v. Haslar,* 887 S.W.2d 610 (Mo. App. W.D.1994), the accused was convicted of burglary in the second degree. He kicked in the door of a woman's duplex while she was gone, remained inside a short time, then left carrying a small, square object. *Id.* at 612. When the woman returned, she found a television broken, the telephone ripped from the wall, and her answering machine and food stamps missing. *Id.* at 613. At trial, the woman acknowledged she occasionally did laundry for the accused and he may have had some clothing in her duplex when he broke into it. *Id.* at 615–16. Seizing upon that testimony, the accused argued on appeal that the trial court erred in rejecting his tendered instruction hypothesizing trespass in the first degree. *Id.* at 616. Citing *Moore,* 729 S.W.2d 239, the accused maintained the jurors could have inferred he entered the du-

plex to retrieve his clothing. *Haslar,* 887 S.W.2d at 616. Affirming the conviction, the appellate court said:

"[The accused's] alleged 'basis' for submitting a jury instruction on the lesser included offense of trespass in the first degree is no more than 'mere possibility and speculation.' ... [T]here is insufficient evidence to support [the accused's] contention that he entered the home for any reason other than to commit a crime." *Id.*

■ Other cases in which burglary convictions have been affirmed where trial courts declined to submit trespass in the first degree include *Vineyard,* 839 S.W.2d 686; *State v. Word,* 829 S.W.2d 113 (Mo.App. E.D. 1992); *Green,* 812 S.W.2d 779; *State v. Portwood,* 694 S.W.2d 831 (Mo.App. E.D.1985). We shall not lengthen this opinion by synopsizing the facts in those cases. The rationale we glean from them is that where the evidence shows the accused entered a building and committed a crime therein, there is no ambiguity in his purpose for entering, hence there is no basis for submitting trespass in the first degree. *Vineyard,* 839 S.W.2d at 689–90[5]; *Word,* 829 S.W.2d at 116–17[6]; *Green,* 812 S.W.2d at 787–88[11]; *Portwood,* 694 S.W.2d at 832[2] and [3].

Here, Appellant admitted taking "a few tables" from the back porch of the Colon house. He also admitted looking through dressers and cabinets inside the house. In Appellant's "bluejean pockets," Knobles found items Appellant had taken from inside the house. Furthermore, the uncontradicted evidence was that Colon maintained utility service to the house, yet Williams saw only "flashlights and lights flickering" in the Colon house. It is inferable that Appellant did not turn on the lights in the house because he wanted to conceal his presence.

*Moore,* 729 S.W.2d 239, one of the cases relied on by Appellant, is factually different from the instant case in that the accused in *Moore* took nothing from the house. *Childress,* 901 S.W.2d 321, the other case relied on by Appellant, is factually different from the instant case in that the accused in *Childress* was still in the house when arrested, hence he had taken nothing from it. Furthermore, there was evidence in *Childress*

that the accused entered the house to obtain shelter, not to steal. Here, Appellant was fleeing the house with stolen items in his car and on his person when apprehended.

■ Mindful that the evidentiary basis required by § 556.046.2 for instructing on a lesser included offense must be more than mere possibility and speculation, *Green,* 812 S.W.2d at 787–88, we hold the evidence in the instant case insufficient to support Appellant's Instruction A. Appellant's first point is denied.

■ As reported at the outset of this opinion, Appellant's second point charges the trial court with plain error in permitting the prosecutor "to misdefine the law in closing argument."

■ Appellant concedes the complaint is unpreserved for review, as the lawyer who represented him at trial failed to object to the prosecutor's argument. *State v. Ellifrits,* 459 S.W.2d 293, 296[2] (Mo. banc 1970). Furthermore, the second step required for preservation was likewise missed, as Appellant's lawyer failed to raise the issue in Appellant's motion for new trial. Rule 29.11(d);[8] *State v. Shannon,* 413 S.W.2d 198, 199[1] (Mo.1967).

Aware of those omissions, Appellant seeks review per Rule 30.20, which authorizes appellate relief where a plain—but unpreserved—error affects substantial rights resulting in manifest injustice or miscarriage of justice.

Appellant cites *State v. Graham,* 916 S.W.2d 434, 436[3] (Mo.App. E.D.1996), which holds: "Misstatements of the law are impermissible during closing arguments, and a duty rests upon the court to restrain such arguments." However, that case differs from the instant case in that the accused's lawyer there objected to the argument. *Id.* at 436. Furthermore, although the trial court erroneously overruled the objection, the appellate court affirmed the conviction, finding no prejudice from the trial court's mistake. *Id.* at 436–37.

In *State v. Newlon,* 627 S.W.2d 606, 616[14] (Mo. banc 1982), *cert. denied,* 459

U.S. 884, 103 S.Ct. 185, 74 L.Ed.2d 149, *reh. denied,* 459 U.S. 1024, 103 S.Ct. 391, 74 L.Ed.2d 520 (1982),[9] the Supreme Court of Missouri held:

"[R]elief should be rarely granted on assertions of *plain error* as to closing argument, for where no objection was lodged, trial strategy is an important consideration and such assertions are generally denied without explication. *State v. Bryant,* 548 S.W.2d 209, 211 (Mo.App.1977). This because the absence of objection, request for admonishment to disregard, or for other relief narrows the trial court's options, requiring uninvited interference with summation and a corresponding increase of the risk of error by such intervention."

Cognizant of the above admonition, this court has examined the segments of the prosecutor's argument about which Appellant complains. While the prosecutor's remarks may arguably be susceptible to Appellant's criticism that the prosecutor misdefined the law, the remarks may also be understood as an effort by the prosecutor to persuade the jurors that Appellant's theft of the items from the house demonstrates he entered it with intent to steal. Consequently, the remarks may have been permissible. However, for the reasons that follow, we need not decide that issue.

Confining our review within the narrow limits of *Newlon,* and considering the prosecutor's argument in its entirety, this court holds the remarks complained of by Appellant did not result in manifest injustice or miscarriage of justice. Accordingly, this court cannot convict the trial court of plain error in failing, *sua sponte,* to interrupt the prosecutor. Appellant's second point is denied.

Judgment affirmed.

PREWITT, P.J., and PARRISH, J., concur.

---

8. References to rules are to Missouri Rules of Criminal Procedure (1997).

9. A holding in *Newlon* on an unrelated point was overruled by *State v. Carson,* 941 S.W.2d 518, 520, 523 (Mo. banc 1997).