**STATE of Missouri, Plaintiff–Respondent,**

v.

**Lorenzo Dwayne WALLACE,
Defendant–Appellant.**

No. 22734.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 9, 1999.

Motion for Rehearing or Transfer to
Supreme Court Denied Nov. 22, 1999.

Application to Transfer Denied
Dec. 21, 1999.

Rosalynn Koch, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stacy L. Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN E. PARRISH, Judge.

Lorenzo Dwayne Wallace (defendant) was found guilty, following a jury trial, of burglary in the second degree. § 569.170.[1] Defendant was tried and sentenced as a persistent offender. *See* § 558.016.3. This court affirms.

At approximately 6:30 a.m., April 11, 1998, Officer Don Mitchell, a Springfield, Missouri, police officer, arrived at the location of Harpo's Bar and Grill in Springfield. He observed a broken window on the front side of the building. Police officer Patrick Haenni arrived shortly thereafter. The officers heard several loud crashes coming from inside the building. Defendant appeared. He crawled from the building to the outside through the hole in the front window. He was carrying a large amount of change and two bottles of alcohol. Defendant was arrested.

Officer Mitchell entered the premises. He found the interior in disarray. Two cash registers were smashed on the floor. There was a smashed fire extinguisher and

1. References to statutes are to RSMo 1994.

several broken glasses. There were no other broken windows or unlocked doors in the building.

Defendant was taken to the police station. He had a Nations Bank debit card bearing the name "Jonathon Rimer" in his pocket. A customer had left the bank card at the business the night before the burglary. It had been placed next to a cash register at the bar. The owner of the business establishment testified that defendant did not have permission to go into the building.

During the instruction conference, defendant tendered Instruction No. B that would have submitted the offense of first degree trespass as a lesser included offense of burglary in the second degree.[2] The trial court refused the instruction.

Defendant asserts one allegation of trial court error. He contends the trial court erred in refusing to give Instruction No. B. He asserts the evidence was such that the jury could have acquitted him of second degree burglary but found him guilty of trespass in the first degree. Defendant argues, "[T]he jury could have found that [defendant] entered Harpo's unlawfully, but not with an intent to steal, since entry was gained by a broken window but he did not have any cuts on his hands, implying that another person had entered the building first, and he entered merely out of curiosity."

 Trespass in the first degree is a lesser included offense of burglary in the second degree. *State v. Vineyard,* 839 S.W.2d 686, 689 (Mo.App.1992). "A trial court is required to submit a lesser included offense instruction if the evidence arguably shows a lack of an essential element of the greater offense, while affording a basis for conviction of the lesser." *State v. Hinsa,* 976 S.W.2d 69, 71 (Mo.App.1998).

The evidence at trial showed that defendant entered the bar unlawfully and, once there, that he stole items from within those premises. "[W]here the evidence shows the accused entered a building and committed a crime therein, there is no ambiguity in his purpose for entering, hence there is no basis for submitting trespass in the first degree." *Id.* at 73.

Defendant offered no evidence. All evidence at trial supports defendant's conviction of burglary in the second degree. The only way the jury could have found defendant not guilty would have been for it to disregard or disbelieve some of the state's evidence. "A defendant is not entitled to a lesser included offense instruction merely because the jury might disbelieve some of the state's evidence or decline to draw some or all of the permissible inferences." *State v. Mouse,* 989 S.W.2d 185, 192 (Mo.App.1999). The judgment is affirmed.

CROW, P.J., and SHRUM, J., concur.

2. A person commits the crime of trespass in the first degree if he or she knowingly enters unlawfully or knowingly remains unlawfully in a building. § 569.140.