SMITH, Judge.
Defendant appeals from his conviction by a jury of child abduction, a felony, and the resultant fine of $1000 imposed by the court in compliance with the jury recommendation concerning punishment. He also appeals from the trial court order dismissing his post-conviction motion pursuant to Rule 29.15 on the stated basis that Rule 29.15 was not available to movant because he received punishment only of a fine and not imprisonment. The state concedes that Rule 29.15 by its language applies to a person convicted of a felony without regard to the penalty imposed, and that the Rule 29.15 motion must be remanded for further proceedings. We agree. Defendant’s contentions of ineffective assistance of counsel raised on appeal here can be dealt with on remand. As to the conviction we affirm.
Defendant and his wife were in the process of dissolving their marriage at the time of the incident giving rise to this action. Pursuant to a decree of legal separation wife had the custody of the child of the marriage with visitation and temporary custody rights in the defendant. Pursuant to the decree, on July 15,1991, the parties met at a parking lot of a restaurant in Cape Girardeau for defendant to take temporary two week custody of the child. The wife stated that she said to the child that she would see her in two weeks to which defendant replied “Don’t count on it”. The wife’s male cousin, who was also present testified that he heard the same comment. Wife also testified that defendant had, in the past, made threats to hide the child and kill her if wife tried to find them.
Defendant testified that the cousin made threatening moves toward him and wife said to defendant “you’re dead”. He further testified that during the marriage he and wife had domestic problems brought on by her drinking, that she was violent, had threatened him with a knife, hit him with a candlestick, and tried to run over him with a car. Defendant was due to return the child on July 30, but did not. Instead he obtained an ex parte abuse order from a judge in western Missouri based on misleading information. On July 31 he attempted to contact his wife through an aunt and faxed a copy of the ex parte order to the Cape Girardeau police. Five days after the date the child should have been returned, he returned her through his mother. The mother testified that she was present when the original transfer took place and that she observed wife’s cousin make threatening gestures toward defendant. She had also previously witnessed wife become violent.
Defendant first contends that the court committed plain error in failing to instruct on the offense of interference with custody as a lesser included offense. In State v. Moore, 729 S.W.2d 239 (Mo.App. 1987) [2] we held that in a non-homicide case a trial court is not required to instruct on a lesser included offense unless it is specifically *865 requested by the defendant and supported by the evidence. No request for the instruction was made. We do not mean to imply that interference with custody, § 565.150 RSMo 1986, is a lesser included offense of child abduction, § 565.156.1(5) RSMo Cum.Supp. 1992. The former requires an absence of custody by the defendant; the latter requires defendant have legal custody. Defendant did not take or entice his daughter from wife’s legal custody. He legitimately obtained temporary legal custody and then kept the child beyond the authority. That is not the crime described in § 565.150. The court did not commit error, plain or otherwise, in fading to instruct on the alleged lesser included offense.
Defendant next contends that the trial court plainly erred in failing to include in the verdict directing instruction the alleged special negative defenses that his failure to return the child was the result of circumstances beyond his control or that he was fleeing an incident or pattern of domestic violence. § 565.160 RSMo Cum.Supp.1992. Assuming that those defenses, if supported by the evidence, are to be included in the verdict director, the record does not support either defense. Nothing in defendant’s testimony suggests that he was unable to return the child because of circumstances beyond his control. Nor is there any evidence that he was fleeing from domestic violence. If he was afraid to have personal contact with his wife, as he testified, there was nothing to prevent him from returning the child timely through an intermediary as he ultimately tardily did. Neither defense finds evidentia-ry support and the trial court did not commit error, plain or otherwise, in not including the defenses in the verdict director.
Finally, defendant contends that the evidence was insufficient to support the verdict. The evidence which we have previously set out demonstrates that all elements of the charged crime were established. The point is without merit.
Judgment of conviction is affirmed. Order dismissing Rule 29.15 motion is reversed and the motion is remanded for further proceedings.
GARY M. GAERTNER, P.J., and STEPHAN, J., concur.