STATE of Missouri, Plaintiff/Respondent,

v.

Maurice FOSTER, Defendant/Appellant.

No. 67407.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Aug. 13, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 9, 1996.

Application to Transfer Denied
Oct. 22, 1996.

Rose M. Wibbenmeyer, Asst. Public Defender, Columbia, for defendant/appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Christine M. Blegen, Asst. Atty. Gen., Jefferson City, for plaintiff/respondent.

CRANE, Chief Judge.

A jury found defendant, Maurice Foster, guilty of unlawful use of a weapon by carrying a concealed tire knocker, in violation of § 571.030.1(1) RSMo 1994. The trial court sentenced defendant to thirty days in the county jail. Defendant appeals, claiming the trial court erred in overruling his motion for acquittal at the close of the state's evidence. We reverse.

The sole trial witness was Officer Ron Webb of the Cape Girardeau Police Department. He was on patrol at 1:30 a.m. on the evening of June 2, 1994 when he noticed the driver of a brown two-door Buick Regal make an erratic turn. Thinking the driver might be intoxicated, the officer began following the Buick. It had two occupants and was speeding. The officer decided not to pull the Buick over at that time because the area was poorly lit and was lined with trees. The officer waited until he approached a location with better lighting and which would have provided clear avenues for responding officers, and then activated the lights on his patrol vehicle.

The Buick stopped on the shoulder of a road. The driver, later identified as the defendant, quickly exited the car before the officer had stopped his patrol car. Defendant assumed a standing position, leaning against the Buick with his back to the driver's door. The defendant stood with his left hand at his side and his right hand behind him and inside the open driver's window, gripping an object that the officer could not identify. The passenger in the Buick remained seated, facing forward. As soon as the officer got out of his patrol car, he immediately requested that the defendant return to the driver's seat of the Buick. The defendant just looked at the officer with a "blank stare."

Defendant's failure to comply with the officer's instruction to get back in the car, his concealment of something in the hand behind his back, and his standing outside the car prompted the officer to stand between the open door of his vehicle and the body of his car for protection. After the officer made repeated requests to "sit back in the vehicle," defendant dropped the object he was gripping into the car, slid down the length of the door with his back to the car, opened the door, sat down, and fled the scene. The officer activated his siren and pursued the Buick down several streets and into a field where defendant and his passenger abandoned the vehicle. The officer yelled for them to stop but they ran toward a tree line and disappeared.

The officer called in the license plates on the abandoned Buick and determined the vehicle was registered in the name of Sonja White of Sikeston. While searching the vehicle the officer sat in the driver's seat and, in reaching underneath the driver's seat, he found a tire knocker which had been concealed from view. The tire knocker was sixteen inches long, had a handle on one end and a piece of metal affixed to the other end. The officer also found an album containing a military photograph of defendant which bore the name "Maurice Foster" on a car seat as well as some styrofoam boxes containing partially eaten chicken, some white paper bags, and a green plastic Mountain Dew bottle.

Defendant was arrested the next day by Sikeston police. When he was returned to Cape Girardeau, he told police that he had not been driving the Buick the night of the chase but had lent it to "Doug." He said he lived with Sonja White.

For his one point on appeal, defendant challenges the denial of his motion for acquittal at the close of all the evidence. Defendant argues that the evidence was insufficient to prove that the tire knocker was a weapon as that term is used in § 571.030 RSMo 1994 or that he acted "knowingly."

We review the denial of a motion for acquittal to determine if the state adduced sufficient evidence to make a submissible case. *State v. Moon*, 602 S.W.2d 828, 831 (Mo.App.1980); Rule 27.07. In determining whether the evidence is sufficient to support

a conviction, we accept as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence and disregard all evidence and inferences to the contrary. *State v. Grim,* 854 S.W.2d 403, 405 (Mo. banc 1993); *State v. Dulany,* 781 S.W.2d 52, 55 (Mo. banc 1989).

An "inference" is a conclusion drawn by reason from facts established by proof; "a deduction or conclusion from facts or propositions known to be true." * * * A supposition is a conjecture based on the possibility that a thing could have happened. It is an idea or a notion founded on the probability that a thing may have occurred, but without proof that it did occur.

*Draper v. Louisville & N.R. Co.,* 348 Mo. 886, 156 S.W.2d 626, 630 (1941). We look to whether there was sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *Grim,* 854 S.W.2d at 405; *Dulany,* 781 S.W.2d at 55. We are bound to consider the inferences favorable to the state unless the contrary inference is such that it would necessarily give rise to a reasonable doubt in a reasonable juror's mind. *Grim,* 854 S.W.2d at 413.

■ Section 571.030(1) provides:

1. A person commits the crime of unlawful use of weapons if he knowingly:

(1) Carries concealed upon or about his person a knife, a firearm, a blackjack or any other weapon readily capable of lethal use; ...

The term "weapon" is not defined by the statute. The determination of whether an object other than a knife, a firearm, or a blackjack is a "weapon" within the meaning of Section 571.030.1 is dependent on a variety of factors: (1) the nature of the instrument itself; (2) the circumstances under which it is carried, including time, place, and situation in which defendant is found in possession; (3) the manner in which it is carried; (4) the particular person carrying it; and (5) perhaps other factors such as possible peaceful uses therefor which the possessor might have. *State v. Baldwin,* 571 S.W.2d 236, 241 (Mo. banc 1978). We need not reach the issue of whether the tire knocker in this case was a weapon as contemplated by this stat-

ute because we do not find sufficient evidence that defendant acted "knowingly" as required by § 571.030 RSMo 1994.

■ A person "acts knowingly," or with knowledge,

(1) With respect to his conduct or to attendant circumstances when he is aware of the nature of his conduct or that those circumstances exist; or

(2) With respect to a result of his conduct when he is aware that his conduct is practically certain to cause that result.

§ 562.016(3) RSMo 1994. In reference to this statute, the defendant must have knowingly carried the weapon so that it was concealed from ordinary observation. MAI CR3d 331.20; *see also State v. Purlee,* 839 S.W.2d 584, 590 (Mo. banc 1992) (knowing concealment is an essential element of the offense).

Defendant contends that there is insufficient evidence that he knew of the existence of the tire knocker concealed under the seat of the car, which was registered to another person, to submit that issue to a jury. There was no direct evidence that defendant had seen, handled or possessed the tire knocker or had placed anything under the driver's seat.

The following facts were established at trial: that defendant 1) occupied the car seat under which the tire knocker was found, 2) got out of the car and gripped an unseen object behind his back when he was stopped by police, 3) fled from police in the car, 4) abandoned the car and fled on foot from police and 5) gave a false exculpatory statement about who was driving the car. In addition, defendant's photograph was in an album on a car seat. We review these established facts to determine if an inference of knowledge can be reasonably drawn from them.

The state argues that the discovery of the tire knocker was sufficient evidence from which the jury could infer that defendant was aware of the presence of the tire knocker and that he was concealing it behind his back when he was stopped by police. The presence of the tire knocker in the abandoned car is not sufficient evidence which reasonably

leads to the conclusion that the tire knocker was the object defendant had been holding. In this case, where there were not only multiple objects in the car but also defendant had the opportunity to take something with him when he abandoned the car, the presence of the tire knocker in the car establishes no more than a possibility that the tire knocker was the object in his hand during the traffic stop.

■ Likewise, none of the other facts established at trial considered singly or collectively are sufficient evidence on which to support a reasonable inference of knowledge. While evidence of flight can evidence a consciousness of guilt or guilty knowledge, it does not establish a defendant's guilty knowledge of a particular crime as opposed to other possible charges. *State v. Schwartz,* 899 S.W.2d 140, 144 (Mo.App.1995); *State v. Moore,* 729 S.W.2d 239, 240–41 (Mo.App. 1987). In this case defendant's flight after a traffic stop does not establish he knowingly concealed a tire knocker under the seat of his car. Likewise, his false exculpatory statement, in which he said someone else was driving the car that night, may establish a consciousness of guilt of some crime, but in a case like this, where defendant was subject to a variety of charges as driver of the car on the night in question, it does not establish a consciousness of guilt of the particular crime of knowingly carrying a concealed weapon. The presence of defendant's photograph in an album on the car seat, if it did in fact belong to defendant, does not support an inference of knowledge of the concealed tire knocker, as it was not kept in the same hidden location.

The judgment of the trial court is reversed.

RHODES RUSSELL and HOFF, JJ., concur.